WARREN, LAMAR, Associate Judge.
The appellant parents bring for review an order of the juvenile court, Orange County, Florida, entered after a hearing on a petition filed by a supervisor of the state department of welfare requesting that the department be given the care, custody and control of a female child of the appellants for placement for adoption.
The petition stated that the child had made a good adjustment in a foster home and was ready for a permanent home situation ; that because of a lack of the parents’ cooperation in regard to consenting to an evaluation of them by psychiatric professionals, it could not be determined if the parents had any capacity for change in their feelings and actions toward the child, and because of the parents’ past treatment the petitioner felt that it could not *746 recommend that the child be returned to their custody, unless there were indications that the parents could respond to the needs of the child.
Some months before, the court upon a hearing had entered an order finding that the child was dependent under F.S. § 39.-01(10), F.S.A. This adjudication was not challenged by appeal, nor was the testimony taken at the hearing included in the record on appeal; an examination of said order shows that the lower court properly determined that the subject juvenile was a dependent child. As a result of this finding, the child was placed in a foster home.
• The above petition came on for hearing and the court found, by the order under review, that the child “had made a complete adjustment to said foster home, is happy, contented, and healthy.” The order further reciting that, “the Court also having heard the testimony of [the parents], to the effect, that they feel that they can change the home structure to allow this child to live within the home, but absolutely and adamantly refuse to attend the Orange County Guidance Clinic or secure any psychiatric evaluation of or for themselves, with or without said child attending, and the Court finding that it cannot order a 'psychiatric evaluation of said parents, however it being evidently clear from all of the testimony presented at the hearing that there is nothing in the record to show that the environment previously existing in the [parents’] home, has, in any way, changed, or any testimony to allow the Court to make a determination other than as set forth in a previous’Order of this Court regarding the natural home of said child and the actings and doings of the natural parents of this child; * * * and being impressed with the heavy burden that rests upon the Court when faced with the necessity of taking a child permanently from the care, custody and control of her natural parents,” the court ordered, 1) that within 60 days of the date of the hearing the parents would be “permitted” to submit to the court evidence of a psychiatric or psychological evaluation which would indicate that the child should now be placed in the parents’ home and that in the opinion of the doctor her best interests would be served by placing her in their custody, said evidence to be accompanied by a petition for custody, based upon the above, whereupon the court would “hear such evidence on the question of the suitability of said parents for temporai-y custody based upon said professional evidence only, otherwise, the hereinafter named paragraph shall control;” 2) that should the parents fail to comply with the above provision, the petition of the department would be granted and the child placed in the permanent care, custody and control of the department for future adoption. See § 39.11(1) (d). Jurisdiction was retained “for the purpose of making any such order or additional Orders in this matter as may be necessary.”
It is observed that no order placing the minor in the custody of the department has yet been entered.
The appellants present three points on appeal, only the first of which needs to be considered, namely, may the lower court attempt to compel parents to have said evaluation of themselves to determine their emotional fitness to be parents of their child and require them to prove such fitness, and upon their failing to do so, permanently remove one of their children from their custody for placement for adoption.
An inspection of F.S. chapter 39, F.S.A., shows that while after a petition has been filed, the judge may order the child named in the petition to be examined by a physician, psychiatrist, or psychologist, and after adjudication to be dependent, may order the child to be treated by the same, (§ 39.08), and that hearings shall be conducted without a jury, applying the rules of evidence in use in equity cases, and adjourning the hearings from time to time as necessary, (§ 39.09), no provision is found whereby the court may order the parents to be examined and evaluated. And although it has been held that chapter 39 was *747 enacted to provide a forum which could consider the problems of dependent children in an informal manner without the necessity of applying the strictness and technicalities that often accompany routine litigation, Noeling v. State, Fla., 87 So.2d 593; that broad powers are given to the juvenile court and that the juvenile judge acts as a trial judge, State v. J. K., Fla.App., 104 So.2d 113; and that once a child has been lawfully declared to be dependent or delinquent, it becomes a ward of the state and a broad discretion is vested in the juvenile court to do those things which appear to the court to be in the best interest of the child, Pendarvis v. State, Fla.App., 104 So.2d 651, nevertheless, it is not within the power of the court to require an evaluation of the parents. Cf. 1.29, F.R.C.P. 30 F.S.A.
Patently, the order of the court is in the nature of a continuance of the hearing to permit the parents to submit additional evidence that they and their home surroundings are ready to receive the child; moreover, jurisdiction was retained to enter further orders.
Because of the important consideration of the best interests of the child, the lower court should revise its order by deleting therefrom that part of the same which effectually requires an evaluation and, if it appears just, in view of the opportunity the court has had “to observe the demeanor and personalities of the parties and their witnesses and to feel the forces, powers and influences that cannot be discerned by merely reading the record,” and in view of the position of the department of welfare and the representations of the parents, order a continuance of the hearing for additional evidence on behalf of the parents and thereafter enter an order, after consideration of the provisions of § 39.11(1), the parents having argued that the court overlooked the possibility of entering an order under subsection (a) of said section; otherwise, if it is so advised, the court without continuance should enter an order under said section on the hearings so far conducted.
Accordingly, that part of the order requiring an evaluation of the parents is quashed,' and the cause is remanded for further proceedings consistent with this opinion.
SHANNON, Acting C. J., and ANDREWS, J., concur.