366 So.2d 853 (1979)
Seymour PAUL, Petitioner,
v.
Mary PAUL, Respondent.
No. 78-1178.
District Court of Appeal of Florida, Third District.
January 30, 1979.
Robert Bakerman and Ira B. Price, Miami, for petitioner.
Michael H. Weisser, North Miami Beach, for respondent.
Before PEARSON, HENDRY and BARKDULL, JJ.
PER CURIAM.
Petitioner seeks our writ of common law certiorari to review an order of the circuit court, entered in a dissolution of marriage proceeding requiring the petitioner to submit to a mental and physical examination.
The sole question presented for our consideration is whether the record reflects that the two essential prerequisites have been satisfied regarding compulsory mental and physical examination.
Pursuant to Florida Rule of Civil Procedure 1.360(a) and the case law authority interpreting same, the mental condition of the party against whom the order is sought must be "in controversy," i.e., directly involved in some material element of the cause of action or defense and that "good cause" be shown, i.e., that the mental state of the party, even though in controversy, could not adequately be evidenced without assistance of expert medical testimony. Gasparino v. Murphy, 352 So.2d 933 (Fla.2d DCA 1977).
Petitioner/husband instituted the action seeking dissolution of marriage, partition of the parties' residence, and the establishment of a special equity in the wife's separate property; wife timely served an answer and counterclaim, containing admissions and denials and seeking dissolution and establishment of a special equity in the husband's separate property. Thereafter wife filed affirmative defenses to husband's special equity claim, and the husband filed *854 his answer, affirmative defenses to wife's counterclaim, as well as a motion to require the wife to submit to a physical examination. Wife subsequently filed a motion to require the husband to submit to a physical and mental examination. After hearing on the motions, the trial court granted both motions for examinations of the respective parties. Wife has not sought review of the order with regard to her physical examination,[1] but husband has and the order compelling him to submit to a physical and mental examination is the subject of this common-law writ of certiorari.
The wife's unverified and unsupported motion to require petitioner to submit to a physical and mental examination recites as grounds for the examinations: "... that on information and belief the petitioner is a person of unstable neurological background, is incompetent and mentally deranged ... it is essential in the prosecution of this case that the petitioner's mental powers be adjudicated. That it is necessary to appoint an impartial physician or physicians to examine the petitioner and render an opinion as to petitioner's state of mind." The issue of the physical and/or mental condition of the husband had not been raised in any prior pleadings in the cause and, clearly, the wife's motion did not adequately fulfill the required showing that the husband's mental or physical condition was "in controversy" and that there was "good cause" for the examinations. See Gasparino v. Murphy, supra; Schlagenhauf v. Holder, 379 U.S. 104, 85 S.Ct. 234, 13 L.Ed. 152 (1964), and Gordon v. Davis, 267 So.2d 874 (Fla.3d DCA 1972), which, in discussing Federal Rule of Civil Procedure 25, from which Florida Rule of Civil Procedure 1.360 is derived, sets forth the guidelines for compulsory mental and physical examinations.
Since the wife as the moving party has failed to make an affirmative showing that the husband's mental or physical condition was in controversy and that there was good cause for the examinations requested, the petition for certiorari is granted and the order of the circuit court be and is hereby quashed.
It is so ordered.
NOTES
[1] Although not the subject of review, the record reflects that the wife's physical condition was, in fact, raised early in the cause as the basis for wife's claims for support; that is, her "frail health."