*279 ON MOTION TO DISMISS APPEAL
ORFINGER, Judge.
A final order of permanent commitment for subsequent adoption was entered November 9, 1979. The appellant/mother thereupon filed a “Motion for New Trial or to Vacate Judgment” which was heard by the trial court on November 28, 1979, and denied by written order entered December 13, 1979. The notice of appeal was filed January 11, 1980. Appellee moves to dismiss the appeal on the ground that the post-judgment motion filed by the mother is a nullity, thereby resulting in the notice of appeal being untimely. If the post-judgment motion is an authorized motion, Rule 9.020(g), Florida Rules of Appellate Procedure, the notice of appeal is timely, otherwise it is not and the court lacks jurisdiction.
The statutory procedure for permanent commitment for subsequent adoption is found in section 39.41(4), Florida Statutes (Supp.1978). We find no answer to our problem in the statutes. The Rules of Juvenile Procedure govern procedures in the circuit court in the exercise of its jurisdiction over children. These rules are to be construed to secure simplicity in procedure and fairness in administration. Rule 8.010, Fla.R.Juv.P. Pursuing this mandate, in reviewing these rules, we find no provision for filing a “Motion for New Trial.” Rule 8.230 provides for a motion to vacate judgment, but it specifically does not apply to permanent commitment cases. Similarly, Rule 8.240 provides for relief from judgments or orders, and except for correction of clerical errors, it likewise specifically excludes from its scope permanent commitment cases. We find no other mention of a “Motion for New Trial” except in Rule 8.180(d), which deals with speedy trial and which is not otherwise pertinent here, except that it recognizes the existence of a “Motion for New Trial”[1] as something distinct from a motion to vacate judgment.
Since the juvenile rules do not otherwise mention a motion for new trial, and since Rule 8.180 at least recognizes its existence, some other rule or procedure must breathe life into it, and we turn to the Rules of Civil Procedure for assistance. Rule 1.010, Florida Rules of Civil Procedure, applies those rules to all suits of a civil nature and all special statutory procedures in the circuit courts except those to which probate and guardianship rules or summary claims rules apply. Obviously, neither the probate rules nor the summary claims rules apply to the case sub judiee. Although not specifically stated in the civil rules, we recognize that the juvenile rules would apply in any matter specifically addressed therein which might conflict with the civil rules, but where as here, the juvenile rules do not apply, we think the civil rules take over. Rule 1.530, Florida Rules of Civil Procedure, specifically provides for motions for new trial, so the reference to this form of motion in the juvenile rules can only have reference to the motion as authorized in the civil rules.
Finding as we do that the motion for new trial sub judiee was authorized, the motion to dismiss the appeal is
DENIED.
CROSS and COBB, JJ., concur.

. Rule 8.180(d), “Effect of Mistrial; Order of New Trial. A person who is to be tried again shall be brought to trial within ninety (90) days from the date of declaration of a mistrial by the trial court, the date of an order by the trial court, granting a new trial, the date of an order by the trial court granting a motion to vacate a judgment, . . . ” (Emphasis supplied).