406 So.2d 1210 (1981)
Hilmar KRISTENSEN, Petitioner,
v.
Baerbel KRISTENSEN, Respondent.
No. 81-946.
District Court of Appeal of Florida, Fifth District.
November 25, 1981.
Rehearing Denied December 18, 1981.
*1211 Henry J. Martocci, Cocoa, for petitioner.
W. Ford Duane of Robertson, Williams, Duane, Lewis & Ranson, P.A., Orlando, for respondent.
SHARP, Judge.
The petitioner, Hilmar Kristensen, seeks review by certiorari of the trial court's requirement that both Hilmar and his wife, Baerbel, submit to compulsory mental and physical examinations pursuant to Florida Rule of Civil Procedure 1.360. We grant the writ and quash the lower court's order because the mental and/or physical health of the parties to this dissolution action was not in controversy, and good cause for the examinations was not shown.
We reject respondent's argument that the mental health of any parent seeking custody of his or her child is in controversy simply because there are allegations that one or the other would be the better parent to have custody. In this case there was no allegation that either Hilmar or Baerbel was unfit to have custody, or that either had any kind of mental or physical illness or condition which would adversely affect his or her ability to be the custodial parent. Under these circumstances, although the "mental and physical health of the parents" is a factor the court should consider in resolving the issue of custody,[1] it is not in controversy until raised by one of the parties in his or her pleadings, or by a proper motion.[2]
Further, Rule 1.360 requires a showing of "good cause" why the forced examination is necessary. No such showing was made here by the respondent. Her motion for the examination of her husband merely asserts in a conclusory way that Hilmar's mental condition is in issue. The trial judge sua sponte ordered the examination of the wife without any request by the husband. It justified the ordered examination of the husband because he failed to follow the court's orders and pay it more respect.[3] We are sympathetic to the trial court's position, but we conclude that behavior which may be appropriate for contempt proceedings does not necessarily translate into "irrational" behavior. We find no basis here to sustain the lower court's conclusion there *1212 was good cause to order either of the examinations.
We agree with our sister court in Gasparino v. Murphy, 352 So.2d 933 (Fla.2d DCA 1977), which quoted the landmark case of Schlagenhauf v. Holder, 379 U.S. 104, 85 S.Ct. 234, 13 L.Ed.2d 152 (1964), that the two requirements of "good cause" and being "in controversy":
... are not met by mere conclusory allegations of the pleadings  nor by mere relevance to the case  but require an affirmative showing by the movant that each condition as to which the examination is sought is really and genuinely in controversy and that good cause exists for ordering such particular examination. 379 U.S. at 118, 85 S.Ct. at 242-43.
352 So.2d at 935. Unless the record posits a basis to support these two requirements, the order requiring the examination cannot stand under the Rules,[4] and it constitutes a departure from the essential requirements of law. See City of Winter Park v. Jones, 392 So.2d 568 (Fla. 5th DCA 1980); Colonial Penn Insurance Co. v. Blair, 380 So.2d 1305 (Fla. 5th DCA 1980); Smith v. Smith, 118 So.2d 792 (Fla. 1st DCA 1960). Accordingly we grant the writ of certiorari and quash the order.
WRIT OF CERTIORARI GRANTED; ORDER QUASHED.
DAUKSCH, C.J. and COBB, J., concur.
NOTES
[1] § 61.13(3)(g), Fla. Stat. (1979).
[2] See Paul v. Paul, 366 So.2d 853 (Fla.3d DCA 1979); Roper v. Roper, 336 So.2d 654 (Fla. 4th DCA 1976), cert. denied, 345 So.2d 426 (Fla. 1977).
[3] The court was apparently upset by various hearsay statements that Hilmar told Baerbel he had bribed this judge and fixed this case.
[4] Schottenstein v. Schottenstein, 384 So.2d 933 (Fla.3d DCA), review denied, 392 So.2d 1378 (Fla. 1980).