430 So.2d 581 (1983)
George FRUH, et al., Petitioner,
v.
The STATE of Florida, DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, Respondent.
No. 83-1.
District Court of Appeal of Florida, Fifth District.
May 4, 1983.
Mary Ann Huey of Withlacoochee Area Legal Services, Inc., Ocala, for petitioner.
*582 James A. Sawyer, Jr., Dist. III Legal Counsel, Gainesville, for respondent.
FRANK D. UPCHURCH, Jr., Judge.
Petitioner George Fruh seeks a writ of certiorari[1] to review an order granting the motion of the Department of Health and Rehabilitative Services to require him to submit to a mental examination.[2]
Fruh is the father of three children, declared "dependent" within the meaning of chapter 39, Florida Statutes. The children were placed in foster care. In October, 1982, the department moved the court to require Fruh to submit to a mental examination. As the grounds for its motion, the department alleged the following: 1) that Fruh had voluntarily declined to undergo mental health evaluations; 2) that the mental health of Fruh was material and relevant to the dependency proceedings, bearing directly on the nature and extent of visitation between Fruh and his children and the advisability of returning the children to him; and 3) that Fruh has engaged in behavior calling his mental health into question; in particular, Fruh has been convicted and sentenced and is believed to be presently incarcerated for the offense of writing bad checks. After argument of counsel and without testimony or affidavits, the court ordered Fruh to undergo a mental examination.
Fruh argues that chapter 39 does not authorize the court to order the psychiatric or psychological evaluation of the parents of dependent children. However, Fruh submits that he could be subject to compulsory mental examinations pursuant to Florida Rule of Civil Procedure 1.360. The department contends that chapter 39 does or should be construed to authorize compulsory psychological evaluations of the parents of dependent children. As chapter 39 authorizes compulsory psychological evaluations, the department argues that the discovery procedures outlined in rule 1.360 simply do not apply.
In In the Interest of D.A.W., 178 So.2d 745 (Fla. 2d DCA 1965), the court reviewed chapter 39 as it existed then and concluded that while the trial court could order the child named in a dependency proceeding to be examined by a physician, psychiatrist, or psychologist, there was no provision authorizing the court to order the parents of the dependent child to be examined and evaluated.
Some ten years after D.A.W. was decided, the Legislature amended chapter 39 by, among other changes, adding a new subsection to what was then section 39.11. This subsection provides as follows:
In carrying out the provisions of this chapter, the court may order the natural parents or legal guardian of a child adjudicated dependent, delinquent, or of a child in need of supervision to participate in family counseling and other professional counseling activities deemed necessary for the rehabilitation of the child.
Ch. 75-114, Laws of Florida. This provision is now codified as section 39.41(5).
The department argues that the addition of this subsection changed the law and that now the trial court is authorized to order psychological evaluations of the parents of dependent children. The department concedes that section 39.41(5) does not in express terms authorize the trial court to order psychological evaluations. However, the department argues that the reference to "family counseling" together with the authorization for "other professional counseling activities" is broad enough to allow the judge to order psychological evaluations as a reasonable preliminary step in determining the need for family or psychological counseling. The department points to section 39.001(3), which states that chapter 39 should be liberally construed in conformity with its declared purposes, and argues that a juvenile judge needs to have the ability to *583 order psychological evaluations to determine what course of action will serve the best interests of the child.
While it may be desirable for a juvenile judge to compel psychological evaluation of the parents of dependent children, it is the duty of the courts to declare the law as they find it and not to shade or modify it out of policy considerations. McDonald v. Roland, 65 So.2d 12, 14 (Fla. 1953). With this duty in mind, we cannot conclude that the legislature intended to authorize compulsory examinations under section 39.41(5). Under section 39.407, the legislature set out a detailed procedure for the examination and evaluation of the child by a physician, a psychiatrist, a psychologist or the developmental disability diagnostic and evaluation team of the department. In contrast, section 39.41(5) simply provides that the court may order "family counseling" and "other professional counseling activities" deemed necessary for the rehabilitation of the child. When compared with the detailed language of section 39.407 regarding the evaluation and examination of a dependent child, it is clear that the legislature had the means available to provide for a similar evaluation of the parents had that been intended. Therefore, the conclusion that such authorization is implied in section 39.41(5) is not warranted.[3]
Chapter 39, however, does not provide the exclusive procedure for dealing with every situation arising in a dependency action. Section 39.40(1) specifically directs that all procedures in dependency cases shall be according to the Florida Rules of Juvenile Procedure unless otherwise governed by law. Therefore, it is appropriate to review the rules of juvenile procedure for authority to compel psychological or psychiatric examinations.
Rule 8.070 of the rules of juvenile procedure governs discovery in delinquency and dependency actions. Rule 8.070(h) provides for nontestimonial discovery as follows:
Nontestimonial Discovery. After the filing of the petition, upon application, and subject to constitutional limitations, the court may with directions as to time, place, and method, and upon conditions which are just, require:
(1) The child in all proceedings and the parent or custodian in dependency cases to:
* * * * * *
(ix) Submit to a reasonable physical or medical inspection of his body.

(2) Such other discovery as justice may require upon a showing that such would be relevant or material. (emphasis added)
Even though it does provide for the physical or medical inspection of the parent of a dependent child and contains a "catch-all" provision, rule 8.070 is not altogether satisfactory as a grant of authority to the trial court to compel psychiatric or psychological examinations. A psychiatric or psychological examination would appear to require "testimony," thus placing it outside the scope of nontestimonial discovery.
As the juvenile rules at least recognize the existence of discovery (including the physical and medical examination of the *584 parent) but do not specifically address the matter of the psychological or psychiatric evaluation of the parents, it is appropriate to turn to the rules of civil procedure for guidance. See In the Interest of D.B., 383 So.2d 278 (Fla. 5th DCA 1980). Rule 1.360(a) specifically provides for the physical and mental examination of persons as follows:
Order for Examination. When the mental or physical condition, including the blood group, of a party or of a person in the custody or under the legal control of a party is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination by a physician or to produce the person in his custody or legal control for examination. The order may be made only on motion for good cause shown and upon notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions and scope of the examination and the person or persons by whom it is to be made.
This rule permitting compulsory examination of a party has been held to involve a procedural right relating to obtaining evidence rather than affecting the substantive rights of the litigants. Gordon v. Davis, 267 So.2d 874 (Fla. 3d DCA 1972). Under chapter 39, the juvenile judge is directed to apply the rules of evidence in use in civil cases during the adjudicatory (fact finding) phase of a dependency action. § 39.408(1)(b), Fla. Stat. (1981). This reference to the use of the civil rules further supports the use of rule 1.360 in this particular situation.
Under rule 1.360, a mental examination may be ordered only when the mental condition of the party is in controversy and good cause is shown for the necessity of the examination. Kristensen v. Kristensen, 406 So.2d 1210 (Fla. 5th DCA 1981); Paul v. Paul, 366 So.2d 853 (Fla. 3d DCA 1979); Gasparino v. Murphy, 352 So.2d 933 (Fla. 2d DCA 1977). "In controversy" means that the party's condition is directly involved in some material element of the cause of action or defense. Paul, 366 So.2d at 853; Gasparino, 352 So.2d at 935. "Good cause" means that the mental condition of the party, even though in controversy, could not adequately be evidenced without the assistance of expert medical testimony. Id.
Under rule 1.360, the two requirements of "in controversy" and "good cause":
[A]re not met by mere conclusory allegations of the pleadings  nor by mere relevance to the case  but require an affirmative showing by the movant that each condition as to which the examination is sought is really and genuinely in controversy and that good cause exists for ordering such particular examination.
Kristensen, 406 So.2d at 1212.
In Kristensen, this court rejected the argument that the mental health of any parent seeking custody of his or her child is "in controversy" simply because there are allegations that one or the other would be the better parent to have custody. Rather, the party's claims or defenses must be such that his or her mental condition is clearly at issue. For example, where the mother alleged that she was fit to have custody of her child, and then subsequently committed herself for in-patient hospital treatment for mental problems, her mental condition was found to be at issue. Critchlow v. Critchlow, 347 So.2d 453 (Fla. 3d DCA 1977).
In the present case, the department alleged that Fruh had called his mental health into question because he had been convicted of the offense of writing bad checks. There was no showing that the offense of writing bad checks was related to any mental infirmity. Nor was there any showing as to when the offense had occurred and under what conditions. The department also fails to allege that Fruh's mental state cannot be adequately evidenced without the assistance of expert medical testimony. The order clearly departed from the essential requirements of law.
We GRANT the writ of certiorari and QUASH the order requiring Fruh to submit to a mental examination without prejudice *585 to the department to seek an order pursuant to Florida Rule of Civil Procedure 1.360.
DAUKSCH and SHARP, JJ., concur.
NOTES
[1] Kristensen v. Kristensen, 406 So.2d 1210 (Fla. 5th DCA 1981); Simons v. Jorg, 375 So.2d 288 (Fla. 2d DCA 1979).
[2] The order required both Fruh and his wife to submit to examinations. However, as the wife is now deceased, we have omitted any further reference to her.
[3] In further support of his argument that the Legislature had the means available to order a psychological evaluation of the parents of dependent children, Fruh has submitted a copy of a proposed bill which would have amended section 39.407 by adding subsection (2) specifically authorizing the psychological and psychiatric evaluation of the parents or guardian of a dependent child. The proposed subsection read as follows:

(2) Unless custody of the child is voluntarily relinquished, after a petition of dependency is filed, the court may order upon its own motion, or motion of any party, that the parents or guardians of the child named in the petition shall submit to psychological or psychiatric evaluation for the purpose of determining whether custody of the child with the parents or guardians is in the best interest of the child or will result in further danger to the child's physical or emotional state. As a condition of the care or custody of a child, the court may, prior to an adjudicatory or disposition hearing, order the parents, guardians, or custodians to participate in a rehabilitation, counseling, or treatment program that the court deems appropriate and necessary to protect the best interests of the child.
This subsection has not been enacted into law.