SHARP, Judge.
Alva and Wanda Ramey appeal from a non-final order of the trial court that authorizes and directs the release of Wanda Ramey’s medical records concerning her care and treatment by Dr. Maximo Handel (a psychiatrist) at the Community Hospital of Daytona Beach, and permits the taking of the doctor’s deposition relating to his diagnosis, treatment, and prognosis pertaining to Wanda, his patient. Appellants sought a protective order on the grounds that the material and testimony requested was privileged. We elect to treat this appeal as a petition for writ of certiorari,[1] and we grant the relief requested.[2]
It appears to us that the discovery sought by appellees is patently inappropriate under applicable case law, see Kristensen v. Kristensen, 406 So.2d 1210 (Fla. 5th DCA 1981); Mohammad v. Mohammad, 358 So.2d 610 (Fla. 1st DCA 1978); Roper v. Roper, 336 So.2d 654 (Fla. 4th DCA 1976), and it is barred by section 90.503, Florida Statutes (1981). That statute provides:
A patient has a privilege to refuse to disclose, and to prevent any other person from disclosing, confidential communications or records made for the purpose of diagnosis or treatment of his mental or emotional condition ... between himself and his psychotherapist, or persons who are participating in the diagnosis or treatment under the direction of the psychotherapist. This privilege includes any diagnosis made, and advice given, by the psychotherapist in the course of that relationship.
§ 90.503(2), Fla.Stat. (1981). The privilege does not exist under the statute for communications relevant to issues to compel hospitalization [3] and for those made in the course of a court-ordered examination of a patient [4] or for
communications relevant to an issue of the mental or emotional condition of the patient in any proceeding in which he relies upon the condition as an element of his claim or defense .... [5]
Appellees assert because Wanda Ramey petitioned to adopt her granddaughter, and, in connection therewith claimed to be a suitable parent, she is relying upon her mental condition. Analogous to dissolution proceedings, the mental and physical health of a party seeking to adopt a child are relevant considerations. But that does not make the mental health of a person seeking to adopt an element of her claim or defense. See Kristensen; Mohammad; Roper.
We further hold that Wanda did not waive her privilege in this cause because a social worker was appointed by the court to conduct a study concerning the child and the competing sets of grandparents seeking her adoption. The study was ordered upon motion of the appellees. The motion stated it did not seek to abridge or waive any privilege: “[s]uch discovery by Ms. Get-temy, precludes necessity for opposing counsel to violate counter-petitioner’s right to privacy in regard to her medical records.” Further, the report filed disclosed no confidential or privileged matters.
Accordingly, we GRANT the writ for cer-tiorari, and QUASH the lower court’s denial of the appellant’s motions for protective orders. We direct that they be granted.
WRIT GRANTED.
DAUSKCH and FRANK D. UP-CHURCH, Jr., JJ., concur.

. Malt v. Simmons, 405 So.2d 1018 (Fla. 4th DCA 1980); Colonial Penn Ins. Co. v. Blair, 380 So.2d 1305 (Fla. 5th DCA 1980); Fla.R.App.P. 9.030(b)(2)(A); Fla.R.App.P. 9.040(c).

. The other orders sought to be reviewed in this appeal (assessment of accountant’s fees and denial of placement of Hope in the Ra-mey’s home pending the proposed adoption) are non-final and not appealable. Nor do we think they are appropriate for certiorari review. Accordingly, we do not consider them because we do not have jurisdiction to do so.

. § 90.503(4)(a), Fla.Stat. (1981).

. § 90.503(4)(b), Fla.Stat. (1981).

. § 90.503(4)(c), Fla.Stat. (1981).