JOANOS, Judge.
Petitioner seeks a writ of common law certiorari to review an order of the trial court granting a motion of the Department of Health and Rehabilitative Services (HRS) to compel her to submit to a mental examination. We grant the petition for common law certiorari, reverse the order being reviewed and remand for further findings of fact.
Petitioner is the parent of a child who exhibited severe behavioral and emotional problems. In July 1987, the child was adjudicated “dependent” within the meaning of Chapter 39, Florida Statutes, and was placed in the Montanari Clinical School. As part of the dependency process, the petitioner entered into a performance agreement with HRS, in which she agreed to accept the child back into her home after a period of residential treatment and behavior modification.
In January 1988, after a dependency review, the trial court readjudicated S.N. a dependent child. Following the readjudication of dependency, the state filed a motion seeking a mental examination of the parent. As grounds therefor, the state alleged: (1) in anticipation of returning the child to her family, the staff at the Monta-nari Clinical School requested that the mother undergo a psychological evaluation; (2) such information is needed by the Mon-tanari staff to assist them in after-care plans for the child; (3) the mother had declined to obtain a psychological assessment; and (4) a psychological evaluation of the mother is in the best interest of the child.
At the hearing on the state’s motion, the HRS foster care worker stated that S.N. had been placed in the Montanari school in October 1987. At that time, petitioner agreed to cooperate with HRS and the Montanari staff in efforts to provide S.N. with needed treatment. The case worker further stated that the staff at Montanari *1158 had requested the psychological examination of the mother so that aftercare plans could be formulated to meet any possible parent counseling or therapy needs. On cross examination, the case worker was asked whether she had any evidence of a specific nature that would indicate that the mother’s mental condition had some bearing on the welfare of the child. The case worker responded that she found it difficult to believe that a child like S.N. could reach a point where she had to be removed from the home, if there were no problems in the home.
The trial court entered an order finding that the state had shown good cause for requiring a mental examination of the parent, and ordered petitioner to be examined by a psychologist of her own choice or by the Northwest Florida Mental Health Center.
The specific authority to compel a mental examination in juvenile proceedings is set forth in section 39.407(13), Florida Statutes (1987), which provides:
At any time after the filing of a petition for dependency, when the mental or physical condition, including the blood group, of a parent, guardian, or other person requesting custody of a child is in controversy, the court may order the person to submit to a physical or mental examination by a qualified professional. The order may be made only upon good cause shown and pursuant to notice and procedures as set forth by the Florida Rules of Juvenile Procedure.
In Fruh v. State, Department of Health and Rehabilitative Services, 430 So.2d 581, 584 (Fla. 5th DCA 1983), the court defined the terms “in controversy” and “good cause” as they appear in Florida Rule of Civil Procedure 1.360(a), explaining that—
“[i]n controversy” means that the party’s condition is directly involved in some material element of the cause of action or defense. (citation omitted). “Good cause” means that the mental condition of the party, even though in controversy, could not adequately be evidenced without the assistance of expert medical testimony.
See also Kristensen v. Kristensen, 406 So.2d 1210, 1212 (Fla. 5th DCA 1981), quoting Schlagenhauf v. Holder, 379 U.S. 104, 85 S.Ct. 234, 13 L.Ed.2d 152 (1964), in which the court explained that the two requirements of “good cause” and “in controversy”—
are not met by mere conclusory allegations of the pleadings — nor by mere relevance to the case — but require an affirmative showing by the movant that each condition as to which the examination is sought is really and genuinely in controversy and that good cause exists for ordering such particular examination. 379 U.S. at 118, 85 S.Ct. at 242-43.
After Fruh was decided, the Florida Rules of Juvenile Procedure were amended,[1] effecting extensive revision of the rules governing dependency proceedings. Pursuant to the amendments, Rule 8.750(b) was adopted, to provide:
(b) Parent, Guardian or Other Person Requesting Custody. At any time after the filing of a petition, when the mental or physical condition, including the blood group, of a parent, guardian or other person requesting custody of a child is in controversy, the court may order the person to submit to a physical or mental examination by a qualified professional. The order may be made only on good cause shown and on notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions and scope of the examination and the person or persons by whom it is to be made. The court may, on its own motion or the motion of any party, order a parent, guardian or other person requesting custody of the child to undergo such evaluation, treatment or counseling activities as authorized by law.
*1159 See Petition of The Florida Bar To Amend the Florida Rules of Juvenile Procedure, 462 So.2d 399 (Fla.1984).
Accordingly, pursuant to the provisions of section 39.407(13), Florida Statutes, and Florida Rule of Juvenile Procedure 8.750(b), the court may order a parent to submit to a mental examination in circumstances where (1) the parent has requested custody of the child, (2) the parent’s mental condition is in controversy, and (3) good cause has been shown to require the examination. Upon application of these elements to the instant case, we find that petitioner implicitly requested custody of the child when she entered into the performance agreement. Furthermore, we consider that petitioner’s mental condition is implicated in the dependency proceeding and the goal of returning the child to her home. Nevertheless, we conclude that the record before this court is insufficient to support a finding of good cause to order petitioner to submit to a mental examination.
The showing of “good cause” which would warrant a court-compelled mental examination of a parent seeking custody of a dependent child should be based on evidence that the parent has been unable to meet the special needs of the child. This finding may be based on the parent’s past conduct or behavior regarding the child, , or on information developed through interview of the parent by a skilled person which indicates a need for psychiatric or psychological evaluation of the parent to assist in training the parent to meet the child’s special needs. It is not necessary to show that the parent suffers substantial psychiatric or psychological impairment as a predicate for good cause. In other words, the party moving for a mental examination of a person seeking custody of a dependent child, must be able to articulate a reason or reasons that the examination is necessary.
In the instant case, HRS did not present any evidence of the petitioner’s conduct or the results of an interview that would justify requiring her to undergo a mental examination, prior to return of the child to her home. Rather, HRS took the position that problems in the home could be inferred merely because the child had to be removed from the home. Such a conclusory determination is not sufficient to constitute good cause to require a mental examination.
Therefore, the order being reviewed is quashed and the cause is remanded to the trial court with directions to conduct further proceedings for the receipt of additional evidence on the issue of petitioner’s conduct or behavior, as it pertains to good cause to require her to undergo a mental examination. In the absence of such evidence, the request for mental examination should be denied.
Reversed and remanded for further proceedings consistent with this opinion.
SMITH, C.J., and ZEHMER, J., concur.

. Section 39.40(1), Florida Statutes, expressly provides that all procedures in dependency cases shall be according to the Florida Rules of Juvenile Procedure unless otherwise provided by law.