## STEINBERG v COUNTY OF HILLSBOROUGH

### Case No. 88-6617

Thirteenth Judicial Circuit, Hillsborough County

August 11, 1989

#### APPEARANCES OF COUNSEL

**Michael A. Steinberg,** pro se.

**Louise B. Bothwell,** Assistant County Attorney, for defendant.

### OPINION OF THE COURT

GUY W. SPICOLA, Circuit Judge.

#### *ORDER DISMISSING PLAINTIFF'S THIRD AMENDED COMPLAINT WITH PREJUDICE*

#### *FACTS*

Plaintiff Michael Steinberg successfully represented Supplemental Security Income ("SSI") claimants who received interim assistance from Hillsborough County. The claimants agreed to repay the loan from their first SSI award. Steinberg then filed a suit against Hillsborough County for attorney fees arising from the SSI litigation pursuant to a theory Steinberg proposes as the common fund doctrine.

## ISSUE

Accordingly, the issue before the court is whether Hillsborough County has an obligation to pay attorney fees when an attorney successfully represents an SSI claimant who agreed to repay Hillsborough County for an interim assistance loan from the SSI award.

## DISCUSSION

As a general rule, attorney fees are awarded only pursuant to contract, statute or common fund rule. *Fidelity and Casualty Co. of New York v O'Shea*, 397 So.2d 1196, 1198 (Fla. 2d DCA 1981). Here, Steinberg did not have a contract with Hillsborough County for attorney fees. The Social Security Act does not provide for direct payment of attorney fees for SSI cases. Therefore, Hillsborough County's motion to dismiss should be granted if Steinberg has failed to create a common fund.

The common fund rules requires:

1. the existence of a fund over which the court has jurisdiction and from which fees may be awarded;

2. the commencement of litigation by one part which is terminated successfully;

3. the existence of a class which received, without otherwise contributing to the lawsuit, a substantial benefit as a result of litigation;

4. the creation, preservation or increase of fund as a direct and proximate result of efforts of counsel for that party; and

5. a reasonable relationship between the benefit established and the fees incurred. *Hurley v Slingerland*, 480 So.2d 104, 107 (Fla. 4th DCA 1986).

In its motion to dismiss, the County challenges Steinberg's creation of a common fund. According to Steinberg, a common fund was created when the subrogor/claimants obtained SSI awards benefiting the subrogee/County.

Steinberg relies on a recent Pennsylvania case *Simmons v Cohen*, 551 A.2d 1124 (Pa. Commw. Ct. 1988). In *Simmons*, the Pennsylvania court found a common law obligation to pay a pro rata share of attorney fees arising from SSI litigation. However, Pennsylvania courts have repeatedly recognized an obligation to pay based upon the equitable theory of subrogation. *Simmons* 551 A.2d 1124; *Shear v Moore*, 419 A.2d 667 (Pa. Super. Ct. 1979). The Pennsylvania Department of Public Welfare has even expressly acknowledged the obligation to share attorney fees by adopting an "SSI Fee Reimbursement Poli-

191

cy." *Id.* at 1127. Florida has neither the precedent nor policy to establish a common law obligation under the present circumstances.

In addition, each claimant represented by Steinberg signed an agreement with Hillsborough County to repay the interim assistance loan. The agreement provides for the repayment of the loan from the first SSI award. It does not provide for attorney fees. Absent an agreement, it is implied that each individual claimant assumed responsibility for attorney fees.

Moreover, Title XVI of the Social Security Act provides for direct payment of attorney fees arising in Social Security Disability cases. It does not provide for direct payment of attorney fees in SSI actions. Whether or not to provide for attorney fees in SSI actions is a policy matter for legislative rather than an issue for judicial determination. *See, e.g., Fruh v State Dep't of Health and Rehabilitative Services,* 430 So.2d 581, 583 (Fla. 5th DCA 1983).

In consideration of the foregoing, it is therefore:

ORDERED AND ADJUDGED that Plaintiff's Third Amended Complaint be dismissed with prejudice.

DONE and ORDERED in chambers Hillsborough County, Florida this 11th day of August, 1989.