550 So.2d 166 (1989)
Ross WILLIAMS, Appellant,
v.
Terri WILLIAMS, Appellee.
Nos. 88-03520, 88-02290.
District Court of Appeal of Florida, Second District.
October 20, 1989.
Deanna Birdsong of Hyatt Legal Services, Tampa, for appellant.
*167 No Appearance for appellee.
THREADGILL, Acting Chief Judge.
In these consolidated appeals, the appellant/father charges that the trial court abused its discretion in first restricting and then terminating his unsupervised visitation with his minor son until he submits to a court-ordered psychological examination. We reverse.
The parties were divorced on September 10, 1987. The final judgment awarded shared parental responsibility of the minor son with primary residency to be with the appellee/mother and liberal visitation allowed the appellant. The record reflects an extremely acrimonious divorce and even a willingness by the parties to use the judicial process to harass each other. The mother has filed motions to limit visitation alleging that the appellant once failed to pick up and use a car seat for the minor child, that the two-year-old child wet his pants after visiting the appellant, and that the appellant has used bad language in front of the child. She has alleged that the appellant has harassed her, that he filed a grievance against her attorney for failure to return a personal document, and that he is unstable. The appellant has filed various motions with similar complaints against the mother. In December 1987, the appellant filed a motion for sole custody of the minor child alleging neglect and irresponsibility by the mother. No orders were issued on these motions.
In March of 1988, the mother moved to set specific visitation because the parties were unable to agree on a visitation schedule. After a hearing, the court on its own motion ordered the appellant to submit himself to the Pinellas County Comprehensive Mental Health Services for a complete psychological examination, and restricted the appellant's visitation with his son pending review of the examination.
Although it cited no facts in support of the finding, the written order, dated July 22, 1988, specifically found that the appellant's psychological well being was in question and could have a detrimental effect on the child. The appellant filed notice of appeal of this order on August 10, 1988. On August 31, 1988 the mother moved to suspend all visitation. On November 17, 1988, following a hearing, the court entered an order which, among other things, prohibited all unsupervised visitation by the appellant with his minor child pending receipt by the court of a psychological examination report by Dr. Goldstein. Both orders are before us for review. We have reviewed the records and the appellant's brief in both cases. The mother has not appeared in either case.
We find the determinative issue to be whether the trial court abused its discretion in ordering the appellant to submit to a psychological examination. Rule 1.360(a)(1), (2), Florida Rules of Civil Procedure requires that before any party may be ordered to undergo physical or psychological examination, the condition must be "in controversy" and that "good cause" for the examination must be shown. This court has found that to be "in controversy," the condition must directly involve a material element of the cause of action and that to show "good cause" for the examination, it must be demonstrated that expert medical testimony is necessary to resolve the issue. Gasparino v. Murphy, 352 So.2d 933, 935 (Fla. 2d DCA 1977).
It has also been held that "the showing of `good cause' which would warrant a court-compelled mental examination of a parent seeking custody of a dependent child should be based on evidence that the parent has been unable to meet the special needs of the child." In the Interest of S.N. v. Department of Health and Rehabilitative Services, 529 So.2d 1156, 1159 (Fla. 1st DCA 1988). Cf. Yandell v. Yandell, 39 So.2d 554 (Fla. 1949), (visitation should never be denied a parent who conducts himself around the child in a manner which will not adversely affect the morals or welfare of the child); Hicks v. Hicks, 511 So.2d 628 (Fla. 2d DCA 1987) (finding it error for a court to award sole parental responsibility without a finding that shared parental responsibility is detrimental to the child).
We first consider whether the mental health of the appellant was in controversy. *168 The only evidence in the record which puts the mental stability of the appellant in controversy is in the conclusory allegations contained in the pleadings of the mother. Conclusory allegations alone do not put the appellant's mental health "in controversy" nor demonstrate "good cause" for submission to examination. Fruh v. State, Department of Health & Rehabilitative Services, 430 So.2d 581 (Fla. 5th DCA 1983). See also Kristensen v. Kristensen, 406 So.2d 1210 (Fla. 5th DCA 1981); Paul v. Paul, 366 So.2d 853 (Fla. 3d DCA 1979).[1]
Nor does the record demonstrate "good cause" for the ordered examination. Although the appellant did not submit to examination by the agency which the court had specified, he did have a neuropsychiatric examination shortly after the trial court's oral order, and the resulting evaluation report, filed in the record, does not reflect any problem which would warrant termination of visitation. We note further that the record contains an evaluation of the child by the Upper Pinellas Mental Health Services. This report, addressed to the parents, found that the child was well adjusted, affectionate and attached to both parents, although the counselor expressed concern that the animosity of the parents might someday affect the child.
Because the record does not reflect that the appellant's mental health was in controversy nor demonstrate good cause for a psychological examination of the appellant pursuant to Rule 1.360(a)(1), (2), we reverse both of the orders on appeal. We remand with instructions that if an order for compulsory psychological examination is again entered and the appellant's visitation privileges are restricted, the trial court shall first conduct an evidentiary hearing on the necessity for the examination and make findings of fact to support the order.
Reversed and remanded.
ALTENBERND, J., and BOARDMAN, EDWARD F. (Ret.), J., concur.
NOTES
[1] We do not imply by this opinion that a trial court is powerless to place in controversy the mental health of a party in a child custody or visitation proceeding. A party's conduct during a legal proceeding might create a valid reason for the trial court to place the party's mental health in controversy in order to fully protect the interests of the child. If the trial court takes this step, however, the parties should have notice of the court's intention to make mental health an issue and should have an opportunity to be heard on the issue of "good cause."