PER CURIAM.
The petitioner, the wife, in a dissolution of marriage action seeks a writ of certiorari reviewing an order granting the husband’s motion to compel a psychological evaluation of the petitioner. We grant the petition. The circuit court departed from the essential requirements of law in ordering a psychological evaluation because the pleadings do not contain any allegations establishing good cause for the examination.
In February 1993, the wife filed a petition for dissolution of marriage. The husband filed his answer and eounterpetition for dissolution in which he requested that the court order a home study investigation as well as a psychological evaluation of the parties and the minor children. The purpose of the study was to assist the court in determining primary residence of the minor children. Based upon a stipulation of the parties, the children’s temporary primary residence would remain with the wife pending final judgment of dissolution.
The husband subsequently set for hearing his motion to compel psychological evaluations of the parties and the children. The wife who was pro se at the time did not appear at the hearing. At the hearing, the husband’s counsel, without introducing witnesses or producing evidence to establish good cause, opined that the psychological evaluation of the wife was necessary. Counsel based her opinion oh her understanding that the wife had been undergoing psychiatric care for the past year and was taking Prozac, the daughter was undergoing psychiatric counseling and the son suffered from attention deficit disorder. Based on these representations the judge granted the husband’s motion. Following a hearing on the wife’s motion for reconsideration, the court entered the order which is the subject of this petition.
The wife argues that the court departed from the essential requirements of law in granting the motion to compel the psychological examination of the wife because the pleadings do not establish good cause. We agree. Court-compelled psychological *60 examinations should only be ordered upon a showing of good cause. See Williams v. Williams, 550 So.2d 166 (Fla. 2d DCA 1989); Schouw v. Schouw, 593 So.2d 1200 (Fla. 2d DCA 1992). Moreover, the showing of good cause should be based on evidence that the parent has been unable to meet the needs of the children. Williams; Schouw. Concluso-ry allegations contained in the pleadings are not sufficient to place the mental health of the parents in controversy or to establish good cause. Williams.
Here, the husband in his counterpetition merely asks the court to order psychological examinations of the parties to assist the judge in determining the primary residence of the children. The counterpetition contains no allegations that the examination of the mother is necessary because the mother is unable to meet the needs of the children. Further, counsel’s understanding that the mother was undergoing psychiatric therapy and was on medication is not sufficient to establish that she cannot meet the needs of the children. Therefore, we find there was no factual basis to support the compelled examination of the mother.
Accordingly, we grant the petition for writ of certiorari without prejudice to the husband to file appropriate pleadings placing the mental health of the parties in controversy. On remand if the court again determines based on proper pleadings that compelled examination is necessary, the court should limit the scope of the examination in accordance with Florida Rule of Civil Procedure 1.360.
Petitioner’s final argument that the court improperly ordered the examination to be performed by a psychologist with whom the husband has already established a relationship is not supported by the record.
Petition for writ of certiorari granted.
DANAHY, A.C.J., and THREADGILL and BLUE, JJ., concur.