DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT
*July Term 2014*

**GRADY GRAY,**
Petitioner,

v.

**GWEN E. RICHBELL** and **ALAN RICHBELL** as personal representatives
of the **ESTATE OF DEVON LEIGH RICHBELL,** deceased on behalf of
themselves as surviving parents,
Respondents.

No. 4D14-1920

[July 9, 2014]

Petition for writ of certiorari to the Circuit Court for the Nineteenth
Judicial Circuit, Martin County; George Shahood, Judge; L.T. Case No.
2011989CA.

Paul Shafranski and Rachel Gray Cerni of Cooney, Trybus, Kwavnick,
Peets, Fort Lauderdale, for petitioner.

Gregg Schlesinger and Zane Berg of Schlesinger Law Offices, P.A., Fort
Lauderdale, and Bard D. Rockenbach of Burlington & Rockenbach, P.A.,
West Palm Beach, for respondents.

MAY, J.

The defendant in an automobile negligence action filed a petition for a
writ of certiorari to prevent a compulsory neurological medical
examination. We granted the petition on June 2, 2014, and now follow
with this opinion.

The plaintiffs' daughter was tragically killed in an automobile accident
on a two-lane road. As she passed a tractor-trailer, she was rear-ended by
the car behind her, who passed the tractor-trailer at the same time. The
collision caused her car to veer into the oncoming lane of traffic, where she
collided head-on with another truck being driven by the petitioner.

The plaintiffs alleged that the petitioner negligently failed to avoid the
accident. The plaintiffs theorize that the petitioner's age and physical

condition contributed to the accident. The plaintiffs' accident-reconstruction expert rendered his opinion on the petitioner's fault without having reviewed the petitioner's medical records. Nevertheless, the plaintiffs sought and obtained the petitioner's medical records and deposed his treating physicians over the petitioner's objection and request for a protective order.

Because of that discovery, the plaintiffs requested the petitioner be subjected to a compulsory neurological examination [CME]. The petitioner objected and argued that his medical condition had not been placed into controversy and the plaintiffs had failed to show good cause for the examination as required by Rule 1.360 of the Florida Rules of Civil Procedure.

Just prior to trial, with no action having been taken on the petitioner's objection to the CME, the plaintiffs' expert opined that the petitioner was suffering from dementia at the time of the accident even though none of the petitioner's treating physicians had ever diagnosed him with this condition. At a hearing less than a week before trial, the trial court overruled the petitioner's objection to the CME and ordered him to undergo the examination three days prior to the start of trial. From this order, the petitioner sought relief from this court. The plaintiffs filed a response the same day.

"[C]ertiorari is appropriate when a discovery order departs from the essential requirements of law, causing material injury to a petitioner throughout the remainder of the proceedings below and effectively leaving no adequate remedy on appeal." *Allstate Ins. Co. v. Langston*, 655 So. 2d 91, 94 (Fla. 1995). This is such an instance.

Rule 1.360 provides: "A party may request any other party to submit to . . . examination by a qualified expert when the condition that is the subject of the requested examination is in controversy." Fla. R. Civ. P. 1.360(a)(1). Examinations under this rule require "good cause for the examination." Fla. R. Civ. P. 1.360(a)(2). And when the party subject to the examination has not voluntarily placed his condition into controversy, great care should be taken to insure that good cause exists, for such examinations invade the privacy rights of the person to be examined. *Wade v. Wade*, 124 So. 3d 369, 376 (Fla. 3d DCA 2013); *see also Russenberger v. Russenberger*, 639 So. 2d 963, 965 n.4 (Fla. 1994) (noting the United States Supreme Court's holding in *Schlagenhauf v. Holder*, 379 U.S. 104 (1964), that "good cause" and "in controversy" requirements are not met by mere conclusory allegations).

2

> The two essential prerequisites that must be clearly manifested are: (1) that petitioner's mental condition is "in controversy" i.e. directly involved in some material element of the cause of action or a defense; and (2) that "good cause" be shown i.e. that the mental state of petitioner, even though "in controversy," cannot adequately be evidenced without the assistance of expert medical testimony.

*Gasparino v. Murphy*, 352 So. 2d 933, 935 (Fla. 2d DCA 1977).

The Second District addressed a similar issue in *Wicky v. Oxonian*, 24 So. 3d 571 (Fla. 2d DCA 2009). There, the defendant driver collided with another vehicle after she passed out, killing the plaintiff's decedent. The plaintiff sought to test a sample of the defendant's blood for Benzonatate. The trial court granted the request. The defendant petitioned for a writ of certiorari.

The district court quashed the ordered exam. Because the plaintiff had relied upon Rule 1.280 instead of Rule 1.360, it failed to present evidence to satisfy the two requirements for a compulsory examination. The court relied on its prior opinion in *Gasparino*, where the court focused on the defendant's conduct and not the defendant's mental state: "[I]t is his conduct which is at issue; specifically whether such conduct was negligent, unreasonable or involved the use of excessive force." *Id.* at 574 (quoting *Gasparino*, 352 So. 2d at 935).

Similarly, it is not the petitioner's mental or physical health that is at issue here, but his conduct—whether he was negligent in failing to avoid a car that veered into his lane of traffic. If he was not negligent, then his physical health is immaterial; and if he was negligent, the same holds true.

Plaintiffs have not satisfied the two requirements for compelling a neurological examination of the defendant. And the plaintiffs' accident-reconstruction expert was able to render his opinion without even having the defendant's medical records. This proves the point. We therefore grant the petition.

*Petition Granted.*

DAMOORGIAN, C.J., and WARNER, J., concur.

\*　　　\*　　　\*

**Not final until disposition of timely filed motion for rehearing.**

3