# Third District Court of Appeal

## State of Florida

Opinion filed September 2, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-1593
Lower Tribunal No. 12-4472
_____


**Allison Temares,**
Petitioner,

vs.

**Scott Temares,**
Respondent.


A Writ of Certiorari to the Circuit Court for Miami-Dade County, Rosa C. Figarola, Judge.

Ronald H. Kauffman, for petitioner.

Scott Temares, in proper person.


Before SUAREZ, C.J., and ROTHENBERG and EMAS, JJ.

SUAREZ, C.J.

Petitioner Allison Temares files the present petition for Writ of Certiorari requesting that this court quash the trial court's non-final orders dated June 15,

2015 and June 30, 2015. The June 15, 2015 and June 30, 2015 orders compel the Petitioner to undergo a psychological evaluation and a substance abuse test. We grant the petition and quash the orders below as there is nothing in the record to support the trial court's sua sponte orders requiring the testing.

The issue before us arises out of a post-judgment action for contempt and enforcement of the time-sharing provisions of a final judgment of dissolution of marriage. Both parties filed motions for contempt for alleged failures to honor time-sharing provisions. There were no verified allegations or pleadings alleging that the Petitioner's mental condition was in controversy. No pleadings were filed requesting drug or psychological testing. There was no showing of good cause at the hearing on time-sharing to support the trial court's sua sponte orders that the Petitioner undergo psychological examination and drug testing.

As we held in Wade v. Wade, 124 So. 3d 369, 374 (Fla. 3d DCA 2013), compulsory psychological evaluation or drug testing under rule 1.360(a) "is authorized only when the party submitting the request has good cause for the examination." Fla. R. Civ. P. 1.360(a)(2). At any hearing on the request for compulsory examination, the party submitting the request has the burden of showing that both the "in controversy" and "good cause" prongs have been satisfied before the court can order testing. Id. The "in controversy" and "good cause" requirements require an affirmative showing by the movant that each

2

condition as to which the examination is sought is really and genuinely in controversy and that good cause exists for ordering each particular examination. See Schlagenhauf v. Holder, 379 U.S. 104 (1964).  Further, conclusory allegations, as are put forth in this record, alone do not put the Petitioner's mental health "in controversy" nor demonstrate "good cause" for submission to examination. Williams v. Williams, 550 So. 2d 166, 168 (Fla. 2d DCA 1989).  There was no showing by pleading or otherwise at the hearing that the Petitioner's mental condition was in controversy, nor was there any showing of good cause.

Therefore, we grant the petition for certiorari and quash the June 15, 2015 order and the June 30, 2015 order to the extent the orders compel the Petitioner to submit to and pay for substance abuse testing, compels her to submit to and pay for a psychological evaluation,[1] and permits a negative inference from her failure to submit to that testing.

---

[1] As set forth in paragraphs 15 and 16 of that order.