HORTON, Acting Chief Judge.
This appeal is from a final judgment in the sum of $100,000, entered after a jury verdict for damages resulting from personal injuries sustained by the appellee in a three-car rear-end collision. A summary judgment as to liability was rendered against the appellants and the cause went to trial on the issue of damages alone before a jury. The question of liability is not before us for review.
Although the appellants have made seven assignments of error, the primary question upon which they rely for reversal is an alleged abuse of discretion on the part of the trial judge in denying a motion for a compulsory mental examination of the appellee where the appellee’s claimed injuries were both mental and physical. The record in this cause discloses that the appellants filed what might be termed a routine motion for physical examination of the appellee. Six days later, a more detailed motion for physical examination was filed by appellants, setting out that among other injuries claimed by appellee, there were psychogenic, emotional and psychiatric problems; that pretrial depositions disclosed that the appellee had been treated by a psychiatrist, neurosurgeon and orthopedic specialist and moved the court to appoint a psychiatrist as well as an orthopedic specialist to examine the appellee. The court denied that portion of the second motion for compulsory physical examination which sought the appointment of a psychiatrist, but granted that portion requesting the appointment of an orthopedic specialist. Apparently the appellee was examined by the court appointed orthopedic specialist, but he was not called as a witness. The appellants contend that the denial of their motion for the appointment of a psychiatrist and their consequent objections at the trial to any expert medical testimony as to the appel- *45 Ice’s mental condition was error and resulted in an excessive verdict.
The Supreme Court of Florida has held, as has this court, that the granting of an order for physical examination is discretionary with the trial judge. Until it is shown that such discretion has been abused, the order will not be disturbed. Rule 1.29, 1954 Florida Rules of Civil Procedure, 30 F.S.A.; Martin v. Tindell, Fla. 1957, 98 So.2d 473, 475; Red Top Cab & Baggage Company v. Grady, Fla.App.1958, 99 So.2d 871, 872.
Since the granting of an order for compulsory physical examination is discretionary with the trial judge, it is not sufficient to demonstrate abuse of that discretion by a mere failure to appoint more than one type of physician. The Statute, Fla.Stat., F.S.A. § 768.09, and Rule 1.29, Florida Rules of Civil Procedure, do not by their terms confer upon a litigant the right to the appointment of multiple types of physicians. The statute provides: “ * * * order such party to submit to a physical or mental examination by a physician or other qualified expert * * [Emphasis supplied] We conclude that if the legislature had intended by the statute to require the appointment of multiple types of physicians, it would have so provided and absent such provision, we are not permitted by judicial interpretation to encroach upon the legislative function. It is not the holding of this court, nor should it be so interpreted, that under appropriate circumstances the trial judge could not appoint more than one physician to examine a litigant. Having decided that no abuse of discretion by the trial judge has been shown in his failure to appoint a psychiatrist, we likewise conclude that the court’s actions in overruling objections to the admissibility of testimony as to the appel-lee’s mental condition .were not error. The remaining assignments of error, directed to the court’s refusal to limit the number of expert witnesses and the court’s denial of the appellants’ motion for new trial, have been reviewed and do not appear to be well taken.
In view of the opinions expressed, it follows that the judgment appealed from should be and it is hereby affirmed.
Affirmed.
PEARSON, J., and GORDON, J. FRITZ, Associate Judge, concur.