470 So.2d 52 (1985)
Margaret ANDERSON, Petitioner,
v.
Michael ANDERSON, Respondent.
No. 85-458.
District Court of Appeal of Florida, Fourth District.
May 22, 1985.
Rehearing and/or Reconsideration Denied June 24, 1985.
*53 Sidney A. Stubbs, Jr., of Jones & Foster, P.A., and Larry Klein of Klein & Beranek, P.A., West Palm Beach, for petitioner.
Joseph D. Farish, Jr., of Farish, Farish & Romani, West Palm Beach, for respondent.
GLICKSTEIN, Judge.
Margaret Anderson petitions for review by certiorari of an order in a dissolution proceeding, compelling her to submit to physical and mental examinations. We grant her petition and quash the order.
Petitioner filed for dissolution of marriage and sought an order restraining the husband, so as to protect her safety. She sought a special equity in the marital property and the partition of jointly owned property, but requested no alimony.
The issue is whether the trial court departed from the essential requirements of law when it ordered the wife to undergo physical and psychiatric examinations. Given the circumstances of this case, we conclude that it did.
Under rule 1.360(a), Florida Rules of Civil Procedure, the trial court may order physical or mental examinations on a showing of good cause when the mental or physical condition of a party is in controversy.
What constitutes good cause or places the mental or physical condition of a party in controversy is not made entirely clear by Florida case law. Fruh v. State, Department of Health & Rehabilitative Services, 430 So.2d 581 (Fla. 5th DCA 1983), cites earlier cases as the basis for defining "in controversy" as meaning that the party's condition is directly involved in some material element of the cause of action or defense, and "good cause" as meaning that the condition could not be evidenced adequately without the assistance of expert medical testimony. Id. at 584. The federal case of Schlagenhauf v. Holder, 379 U.S. 104, 85 S.Ct. 234, 13 L.Ed.2d 152 (1964), sheds some light on the meanings of these terms as used in rule 35, Federal Rules of Civil Procedure, which is similar to our rule. The court said that while there must not always be an evidentiary hearing, and that the movant need not prove his case on the merits, mere conclusory allegations of pleadings and mere relevance to the case will not suffice. There must be an affirmative showing by the movant that each condition for which examination is sought really and genuinely is in controversy; and that good cause exists for ordering same.
When the above tests are applied, the husband's claims here that the wife drinks, abuses drugs, or is susceptible to undue influence are irrelevant to any issue being litigated. The trial court is not being asked to award the wife permanent periodic alimony, rehabilitative alimony, or custody of minor children. She apparently has an annual income of $400,000 from a trust, and seeks no support from the husband. She has recently been held competent, upon competency proceedings in the same action. Her emotional or physical health, if she is competent, has, in our view, no bearing on the issue of the marriage being irretrievably broken; or her having a special equity in marital property because of the money *54 she brought to the marriage; or the partitioning of jointly held property, which is the extent of the relief she seeks. There is no case law that the parties have found or that we can find that would indicate a party's physical or emotional health can be in controversy in a dissolution proceeding where the relief sought is so limited.
The husband appears to believe that his defense  that the wife may be unduly influenced and her health in jeopardy  justifies compulsory examination of her. He suggests the wife needs his guidance and care. Since her competency has been recently established, we fail to see how the information sought to be obtained via the compulsory examinations bears on any material element in controversy. Anything short of incompetency of the wife would appear of no avail to the husband's defense, granted, arguendo, that such examinations can be ordered to support a defense of the husband.
DOWNEY and HURLEY, JJ., concur.