601 So.2d 291 (1992)
Gail PARISER, Petitioner,
v.
Paul S. PARISER, Respondent.
No. 91-2440.
District Court of Appeal of Florida, Fourth District.
June 10, 1992.
Rehearing Denied July 8, 1992.
Lewis Kapner of Lewis Kapner, P.A., West Palm Beach, for petitioner.
Neil B. Jagolinzer of Christiansen, Jacknin & Tuthill, West Palm Beach, for respondent.
PER CURIAM.
While the order in this case is an order entered after final judgment, it is part of a supplementary proceeding, a petition for change of custody of the minor children, and thus part of a new proceeding from which a second final judgment may emanate. Hence, it is not an appealable non-final order. However, the order grants a psychiatric examination of the *292 children and the mother alleges that the harm will occur in the actual examination itself which will not be remediable on appeal of any final judgment. We therefore treat the instant case as a petition for writ of certiorari, but we deny the writ.
The granting or denying of an order for a psychological evaluation is a discretionary act. See Pepsi-Cola Bottling Co. of Miami v. Modesta, 107 So.2d 43 (Fla. 3d DCA 1958). As such it is governed by the reasonableness test of Canakaris v. Canakaris, 382 So.2d 1197, 1202-03 (Fla. 1980). While petitioner maintains that the trial court was required to hold an evidentiary hearing, an evidentiary hearing is not always required. Cf. Anderson v. Anderson, 470 So.2d 52 (Fla. 4th DCA 1985). A review of this record reveals sufficient information that based on Canakaris we cannot say that the trial court departed from the essential requirements of law in ordering these tests.
WARNER and FARMER, JJ., concur.
GLICKSTEIN, C.J., concurs specially with opinion.
GLICKSTEIN, Chief Judge, concurring specially.
While I agree with the majority's analysis and conclusion because of the stringent standard under which we review this case, I write separately to express my concern over the plight of the children involved. The record reveals that they have begun to experience negative feelings about themselves because of psychiatric examinations already undergone. I distinguish between evaluations or examinations of children by family therapists, psychologists and psychiatrists for the purpose of forensic forays, on the one hand, and individual and family therapy, on the other. Such examinations, sadly, often result in disparate opinions of forensic experts employed by the opposing parties. The parties then use these opinions to wage war against each other with the children falling as casualties along the way.
In adopting "no fault" divorce, we Floridians made no provision for family and individual therapy before allowing drive-in dissolutions; and in my view, families have been needlessly imploding because of our ignorance about effective emotional therapy and our close-mindedness in repudiating the use of it. Sir James DeWars said it best when he reminded us that parachutes and minds only work when they are open. We have duly earned the title, The Age of Denial, in dealing with our own emotional health.
If the children in this case are balking, as I believe they are, at yet another examination, my empathy is with them, as an examination is not a substitute for a healing program which involves their parents and themselves. A legal dissolution does not eliminate the need to seek healthy emotional relationships among the parents and children nor justify examinations without follow up therapy and recovery.
Dr. Susan Forward, author of Toxic Parents (1989), at a 1991 talk in Fort Pierce asked the question, "Where was I when I needed me?" She suggested to us in the audience that each of us owed it to ourselves to make and keep six promises.
1. To recognize those beliefs which make us feel bad.
2. To realize that we are adults and able to change ourselves.
3. To understand that nothing is more important than our self-esteem.
4. To take responsibility for our own past, cruel behavior.
5. To confront those who have injured us.
6. To get professional help if we are and remain depressed.
A paradigm shift  a change in the way we think which results in a change in the way we feel  is not going to be achieved by an examination or an evaluation. It can be accomplished in therapy by a willingness to break through  after weeks, or months or even years  all of the coatings we have built up around our inner feelings. This begins with us parents, not our children; and it will not work for the children of that family where one parent refuses to become *293 part of the effort. It is not easy. In fact, it is painful and often slow; but it works.
Melody Beattie in Codependent No More has defined codependency as letting another person's behavior affect us, causing our obsession to control the other person's behavior. We can only change ourselves, not others. Dr. Scott Peck's book, The Road Less Travelled, remains on the New York Times paperback best seller list after 448 weeks. I mentioned its ongoing popularity in a concurrence in Jackson v. State, 553 So.2d 719 (Fla. 4th DCA 1989). It may still be there for the truth contained in the following lyrics of the song, Beauty and the Beast:
 Tale as old as time
 Tune as old as song
 Bittersweet and strange
 Finding you can change
 Learning you were wrong.