615 So.2d 843 (1993)
Jo Ann GORDON, f/k/a Jo Ann Smith, Petitioner,
v.
Daniel K. SMITH, Respondent.
No. 92-3469.
District Court of Appeal of Florida, Fourth District.
March 17, 1993.
*844 Martin L. Haines, III, of Martin L. Haines, III, Chartered, North Palm Beach, for petitioner.
Daniel K. Smith, pro se.
FARMER, Judge.
In this petition for a writ of common law certiorari, the mother seeks extraordinary review of an order for psychological examinations of herself, the father, and their child. The parties are embroiled in post dissolution proceedings to modify custody and visitation of their child. We deny review and take the moment necessary to explain our rationale.
The final judgment confirmed the parties' agreement that the mother would have primary residential custody. Recently she has moved to modify custody to become the sole custodial parent and severely limit the father's right of visitation. Without belaboring the details in her modification papers, it is sufficient to say that they implicitly charge the father with inappropriate conduct and possible sexual abuse during overnight visitations of their child, now five, and allege that the child has become reluctant to see his father. The father responded with his own attempt to modify custody, claiming that the mother had concocted lies about alleged sexual abuse and has, herself, violated the court's directives regarding shared parental responsibility.
At a hearing the court heard testimony from a psychologist retained by the mother. In substance he testified that he had been treating the child for more than one year and had concluded that visits with the father should be suspended. He also said that, in his opinion, the number of adults and professionals, such as psychologists, who see the child should be limited for the child's sake.
As we recently held in Pariser v. Pariser, 601 So.2d 291 (Fla. 4th DCA 1992), "the granting or denying of an order for a psychological evaluation is a discretionary act." 601 So.2d at 292. Hence, we can overturn this discretionary ruling only upon a conclusion that no judge could reasonably have ordered such an evaluation. Id. We believe that the testimony of the mother's hired expert alone furnished a sufficient basis for the good cause necessary for a psychological examination of the child as well as his parents.
It is axiomatic that a finder of fact may judge the persuasiveness and credibility of an expert's testimony and apply his own knowledge and experience when weighing opinion evidence. Russo v. Heil Construction Inc., 549 So.2d 676 (Fla. 5th DCA 1989). When that expert has been hired and called to testify by one of the adversaries to a contested proceeding, there is nothing unreasonable or improper with the fact finder declining to accept the testimony of such an expert. Cf. Langston v. King, 410 So.2d 179 (Fla. 4th DCA 1982) (error to refuse to permit expert to be questioned about his compensation or interest in the proceeding). When the subject of the expert's testimony relates to the custody of minor children, there is an even more important reason for the trial judge to feel uncomfortable with hearing only the expert testimony of a party with an ax to grind.
A trial judge's discomfort with a party's retained expert's testimony may quite reasonably be intensified when that expert testifies, as here, that the child should be kept from being evaluated by other psychologists. While we have no quarrel with the idea that "the number of adults and professionals a young child is working with should be kept to a minimum," that does not mean that the trial judge's discretion is limited to the one chosen by a party  that the number of the limitation is one. A judge is certainly free to view such testimony with some skepticism.
But even apart from the weight of the only expert's testimony, there is independent statutory authorization to order psychological evaluation in child custody proceedings. We first note that in section 61.13, Florida Statutes (1991), subsection (3) directly and expressly requires a judge *845 in a custody case to consider and evaluate certain specific issues and provides as follows:

For purposes of shared parental responsibility and primary residence, the best interests of the child shall include an evaluation of all factors affecting the welfare and interests of the child, including but not limited to:
(a) The parent who is more likely to allow the child frequent and continuing contact with the nonresidential parent.
(b) The love, affection, and other emotional ties existing between the parents and the child.
(c) The capacity and disposition of the parents to provide the child with food, clothing, medical care or other remedial care recognized and permitted under the laws of this state in lieu of medical care, and other material needs.
(d) The length of time the child has lived in a stable, satisfactory environment and the desirability of maintaining continuity.
(e) The permanence, as a family unit, of the existing or proposed custodial home.
(f) The moral fitness of the parents.
(g) The mental and physical health of the parents.
(h) The home, school, and community record of the child.
(i) The reasonable preference of the child, if the court deems the child to be of sufficient intelligence, understanding, and experience to express a preference.

(j) Any other fact considered by the court to be relevant. [e.s.]
It seems to us that subdivisions (f), (g), (i) and (j) clearly make the psychological condition of parents and child especially relevant in this modification of custody proceeding in light of the accusations by both parties. In short, her accusation that he has allegedly sexually abused the child and his allegation that she has deliberately concocted these charges to achieve sole custody  both equally reprehensible conduct  furnish a relevant foundation for the examinations of both parents as well as the child.
If section 61.13 supplies the relevancy, then section 61.20, Florida Statutes (1991), furnishes the specific tool. That statute provides in pertinent part:
(1) In any action where the custody of a minor child is in issue, the court may order a social investigation and study concerning all pertinent details relating to the child and each parent when such an investigation has not been done and the study therefrom provided to the court by the parties or when the court determines that the investigation and study that have been done are insufficient. * * *
Subsection (2) of this statute adds that the "social investigation and study, when ordered by the court, shall be conducted by [among other persons] a psychologist licensed pursuant to chapter 490 * * *." [e.s.]
In upholding the constitutionality of the earlier version of this statute in Kern v. Kern, 333 So.2d 17 (Fla. 1976), the court quoted with obvious approval the following:
The burden on a Judge when he acts as parens patriae is perhaps the most demanding which he must confront in the course of his judicial duties. Upon his wisdom, insight and fairness rest the future happiness of his wards. The procedures of the custody proceeding must, therefore, be molded to serve its primary purpose and limited modifications of the traditional requirements of the adversary system must be made, if necessary. The test is whether the deviation will on the whole benefit the child by obtaining for the Judge significant pieces of information he needs to make the soundest possible decision. Lincoln v. Lincoln, 24 N.Y.2d 270, 272, 299 N.Y.S.2d 842, 843-44, 247 N.E.2d 659, 660-61 (1969) (citations omitted). [e.o.]
333 So.2d at 19-20. We interpret this statute to be an express authorization to the trial judge to require psychological evaluations of parents and children in custody proceedings. Contrary to petitioner's contentions, the statute makes their mental and emotional fitness directly relevant to custody issues and empowers the judge to use the precise tool ordered in this case. It *846 allows the court to avoid depending on psychological testimony offered by one of the warring parties and enables the court to seek such opinion evidence from a source unconnected with them.
The First District has hinted that even in custody proceedings there must be a strictly particularized showing for such an order. See In the Interest of T.M.W., 553 So.2d 260 (Fla. 1st DCA 1989) (even though mental condition of parents is necessarily implicated in custody case, good cause showing required by statute and rule applicable to adoption cases could not be based on inferences from severe behavior problems). Section 61.20 is not cited or considered in the opinion.
Even if it had been squarely confronted by that court in reaching its decision, however, we would simply disagree with its essential holding to the extent that it could be thought to apply to custody disputes with the kind of allegations made here. In light of the text and obvious purpose, we conclude that a trial court, faced with conflicting custody claims between parents, has been given by section 61.20 the discretion to order evaluations of the kind ordered in this case.
Regarding petitioner's challenge to the absence of date, time, place, and the scope of the examination from the order, she has not pointed to any actual prejudice she has already suffered from these omissions.[1] It appears to us that rather than arbitrarily fixing these aspects initially by judicial fiat, and probably thereby needlessly inconveniencing the parties and the psychologist, the trial judge has instead allowed them some freedom to work out these details by accommodation and stipulation. If the parties are not able to make use of the liberty given them, there will be time enough for the court itself to do it for them in a supplemental order. We certainly do not see the lack of these details at this point as requiring our interference.
In sum, we find no error in the court's order, much less any departure from the essential requirements of the law. We cannot accept the notion that a trial judge abuses his discretion in a custody case by not accepting the kind of expert testimony offered here. Sexual abuse and the deliberate manipulation of a child's parental affection amount to any additional good cause, beyond section 61.20, required for a mental examination. In a contested custody proceeding, the trial judge is entitled to hear from a professional unconnected to any party as to the mental and emotional attributes of all concerned. We fail to understand why a parent who seeks sole custody on charges like those raised here has not thereby waived to the extent necessary any privacy right to be free from such mental evaluation.
We therefore deny the mother's petition for certiorari review of the subject order. Our decision is, of course, without prejudice to the trial judge to make such changes and adjustments as he deems necessary to the examination order.
CERTIORARI DENIED.
GLICKSTEIN, C.J., and GUNTHER, J., concur.
NOTES
[1] Section 61.20 does not expressly require the order to set these things out. Rule 1.360(a)(1)(B), Florida Rules of Civil Procedure, however, does say that the "time, place manner, conditions and scope of the examination and the person or persons by whom it is to be made" should be specified.