623 So.2d 1244 (1993)
Cynthia L. RUSSENBERGER, Petitioner/Former Wife,
v.
Ray Dean RUSSENBERGER, Respondent/Former Husband.
No. 93-1589.
District Court of Appeal of Florida, First District.
September 22, 1993.
E. Jane Brehany, of Myrick, Silber & Davis, Pensacola, for petitioner.
Crystal Collins, of Beggs & Lane, Pensacola, and T. Sol Johnson, of Johnson, Green & Locklin, Milton, for respondent.
*1245 PER CURIAM.
The former wife seeks a writ of common law certiorari to review an order of the trial court which in essence granted the former husband's motion, pursuant to Florida Rule of Civil Procedure 1.360, for compulsory examination of the parties' five minor children.[1] Finding that the order does not conform to the essential requirements of law and may cause material injury through subsequent proceedings for which remedy by appeal will be inadequate, West Volusia Hospital Authority v. Williams, 308 So.2d 634, 636 (Fla. 1st DCA 1975), we grant the petition and quash the order.
The "essential requirements of law" before a person may be required by a court to undergo a psychological examination are set out in Rule 1.360, which provides for compulsory examination "only upon a showing of good cause, when the party's mental or physical condition is in direct controversy." In the Interest of T.M.W., 553 So.2d 260 (Fla. 1st DCA 1989); Gasparino v. Murphy, 352 So.2d 933 (Fla. 2d DCA 1977). To be "in controversy," the party's mental condition must be clearly demonstrated to be directly involved in some material element of the cause of action or defense; to show "good cause" for the examination, it must be clearly demonstrated that expert medical testimony is necessary to resolve the issue. Gasparino.
In proceedings involving the custody of children, conclusory allegations alone do not put the child's mental health "in controversy" or demonstrate "good cause" for ordering a psychological examination of the child. Williams v. Williams, 550 So.2d 166, 168 (Fla. 2d DCA 1989). See also In the Interest of T.M.W.[2] and see Schlagenhauf v. Holden 379 U.S. 104, 118, 85 S.Ct. 234, 242-43, 13 L.Ed.2d 152 (1964), in which the Supreme Court observed that the requirements of "in controversy" and "good cause"
are not met by mere conclusory allegations of the pleadings  nor by mere relevance to the case  but require an affirmative showing by the movant that each condition as to which the examination is sought is really and genuinely in controversy and that good cause exists for ordering such particular examination.
In T.M.W. we recognized with approval the observation of the court in Schottenstein v. Schottenstein:[3]
While the trial judge may be a proselyte of psychological evaluations and consultations for every minor child of divorced parents, we cannot ignore the countervailing right of a person to be free from a compulsory mental examination. A compulsory mental examination has been traditionally deemed an invasion of privacy which will only be tolerated upon a showing of good cause.
384 So.2d at 933 (footnotes and citations omitted).
We agree with the former wife's assertions that in this case the trial court departed from the essential requirements of law by: failing to determine whether the mental condition of the children was "in controversy"; failing to determine whether "good cause" was demonstrated requiring the requested psychological examinations; relying on conclusory allegations and argument of counsel instead of *1246 sworn testimony or other evidence; and attempting to sidestep the issue presented by the motion by improperly abrogating its decisional power to the former husband.
Contrary to the former husband's assertions, we do not find that this case presents the type of situation contemplated by section 61.13(2)(b)2.a, Florida Statutes. Under these circumstances, the determination of whether the children should be required to undergo psychological examinations, and if so, by whom, may not be delegated, but must be made by the trial judge after he has heard the evidence presented by the parties. If the trial judge determines from the evidence presented that the mental condition of the children is in controversy and that good cause has been shown necessitating psychological examinations, he may order independent examinations by appropriate professionals.
The petition for writ of certiorari is GRANTED and the order is QUASHED, without prejudice to the husband's right to seek a new order pursuant to the rule.
BOOTH, BARFIELD and ALLEN, JJ., concur.
NOTES
[1] The settlement agreement provided for shared parental responsibility with the wife designated as residential custodian, subject to the husband's "liberal and reasonable" rights of visitation. The agreement contained no provision restricting relocation of the children to another jurisdiction. After being informed that the wife intended to relocate to New York, the husband filed a petition to enforce the judgment, asserting that the unilateral decision to move the children to New York violated the agreed-upon shared parental responsibility and would deprive him of reasonable visitation. The husband then filed a rule 1.360 motion for compulsory psychological examinations of the children. The trial court's order found that it is in the best interests of the children to designate the husband "as the parent responsible for the psychological care and concern of the minor children," including "the right to decide if any psychological examination(s) of the minor children would be in their best interests."
[2] We note our sister court's disagreement with the "essential holding" in T.M.W. Gordon v. Smith, 615 So.2d 843 (Fla. 4th DCA 1993); Pariser v. Pariser, 601 So.2d 291 (Fla. 4th DCA 1992).
[3] Schottenstein v. Schottenstein, 384 So.2d 933 (Fla. 3d DCA), rev. den., 392 So.2d 1378 (Fla. 1980).