639 So.2d 963 (1994)
Ray Dean RUSSENBERGER, Petitioner,
v.
Cynthia RUSSENBERGER, Respondent.
No. 82587.
Supreme Court of Florida.
July 7, 1994.
Crystal Collins of Emmanuel, Sheppard & Condon, Pensacola, Florida, and T. Sol Johnson of Johnson, Green & Locklin, P.A., Milton, for petitioner.
E. Jane Brehany of Myrick, Silber & Davis, P.A., Pensacola, for respondent.
HARDING, Justice.
We have for review Russenberger v. Russenberger, 623 So.2d 1244 (Fla. 1st DCA 1993), based on conflict with Gordon v. Smith, 615 So.2d 843 (Fla. 4th DCA 1993), and Pariser v. Pariser, 601 So.2d 291 (Fla. 4th DCA 1992). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
We approve the decision of the district court below because we find that a trial court must comply with the requirements of Florida Rule of Civil Procedure 1.360 when a party files a motion to compel psychological examinations of minor children pursuant to that rule. A trial judge also has the discretion under section 61.20, Florida Statutes (1993), to order a psychological examination of a child as part of a social investigation. The judge in such a case need not comply with the requirements of rule 1.360. Thus, because Gordon and Pariser did not involve *964 a rule 1.360 motion, we also approve those decisions.
Ray Dean Russenberger (former husband) and Cynthia Russenberger (former wife), whose divorce was final on January 5, 1993, shared parental responsibility of their five minor children. The former wife was designated the custodial parent; the former husband was granted liberal and reasonable visitation rights.
When the former wife decided to move from Florida to Suffern, New York, the former husband filed a petition to enforce the final judgment. Two months later, he filed a motion to compel psychological examinations of the five children pursuant to rule 1.360. This rule provides that:
(1) A party may request any other party to submit to, or to produce a person in that other party's custody or legal control for, examination by a qualified expert when the condition that is the subject of the requested examination is in controversy....
(2) An examination under this rule is authorized only when the party submitting the request has good cause for the examination. At any hearing the party submitting the request shall have the burden of showing good cause.
At a hearing on the motion, the trial court designated the former husband as the parent responsible for the children's psychological welfare and left to him the decision whether to have the children examined. This, in effect, granted the former husband's motion. The court subsequently entered a written order, which says in relevant part:
This court ... finds that it is in the best interest of the minor children to designate the former husband as the parent responsible for the psychological care and concern of the minor children. This responsibility will include the right to decide if any psychological examinations of the minor children would be in their best interest. Should he determine that a psychological examination would be in the children's best interest, he shall be permitted, in his discretion, to schedule the necessary examinations with a qualified psychologist of his choosing and the former wife shall make the children available.
After the hearing, the former husband filed a petition to designate him as the custodial parent.
The former wife filed a petition for writ of certiorari with the First District Court of Appeal. The court granted the writ, finding that the trial court's order did not conform to the essential requirements of law. Russenberger, 623 So.2d at 1245. The court agreed with its earlier decision, In re T.M.W., 553 So.2d 260 (Fla. 1st DCA 1989), which held that rule 1.360 allows a compulsory examination only on a showing of good cause when mental health or physical condition is in direct controversy. Russenberger, 623 So.2d at 1245. The district court found that the trial court departed from the essential requirements of law by
failing to determine whether the mental condition of the children was "in controversy"; failing to determine whether "good cause" was demonstrated requiring the requested psychological examinations; relying on conclusory allegations and argument of counsel instead of sworn testimony or other evidence; and attempting to sidestep the issue presented by the motion by improperly abrogating its decisional power to the former husband.
Id. at 1245-46. The court also noted that the Fourth District's opinions in Gordon and Pariser conflicted with the "essential holding" of T.M.W. Russenberger, 623 So.2d at 1245 n. 2. In addition, the court specifically found that the case did not present the type of situation contemplated by section 61.13(2)(b)2.a., Florida Statutes (1991).[1]
*965 In Gordon the Fourth District found that section 61.13(3), Florida Statutes (1991),[2] gives a trial judge independent statutory authorization to order a psychological evaluation in child custody proceedings. 615 So.2d at 844. The court found that section 61.20,[3] which authorizes a social investigation, furnishes the tool for conducting a psychological evaluation. Id. at 845. Neither Gordon nor Pariser mentions rule 1.360 or requires an evidentiary hearing.
The former husband now argues that even though he filed his motion under rule 1.360, the trial judge had the authority to make his decision under chapter 61. That is not what happened here, and we approve the district court's decision that the trial judge did not comply with the essential requirements of law. See Russenberger, 623 So.2d at 1245-46.
We also note that an evidentiary hearing may or may not be necessary in rule 1.360 cases to determine whether the rule's "good cause" and "in controversy" requirements have been satisfied.[4] Verified pleadings or affidavits may be sufficient to satisfy the rule's requirements. In the instant case, the proceedings before the trial judge were clearly insufficient to establish good cause because they consisted of conclusory allegations in the pleadings and argument by counsel.
Rule 1.360 is not the only basis for ordering a psychological evaluation of minor children in a custody dispute. Section 61.20 gives the trial judge the discretion to order a social investigation in any action where the custody of a minor child is at issue. Under section 61.20 the trial judge has the discretion to include a psychological evaluation as part of that investigation and, in doing so, need not comply with the requirements of rule 1.360. However, the parties are entitled to know whether the court is proceeding under the rule or the statute.
We urge trial judges to exercise the discretion to order psychological evaluations with care. Determining custody of children is one of a trial court's most emotionally charged and difficult decisions. Social investigations, which provide information from objective sources, can be of great help to the court, yet the fact that custody is at issue should not alone create a reason to order a psychological evaluation. While judges should and do have great discretion over whether to order a psychological evaluation, that decision must balance the potential harm and privacy interests of a child against the potential benefit of an evaluation. The evaluation may subject a child to a battery of tests and extensive interviews that could negatively impact or traumatize the child. In view of the trauma that normally accompanies the breakup of the parents' marriage and dissension over the child's custody, the trial court should *966 seek the least intrusive means to obtain information it needs to make the custody decision. A parent's request for a psychological evaluation may well be an expression of that parent's vindictiveness and could have the effect of making the child a victim. Thus, while we acknowledge the broad discretion of the trial judge in this area, we caution that a psychological evaluation of a child should be ordered only where there is some showing that one is needed and would help the judge make a decision.
Accordingly, we approve the district court's decision in Russenberger and find that the trial court did not comply with the essential requirements of law under rule 1.360. A trial judge has the discretion to order a psychological evaluation pursuant to chapter 61. In such a case, the judge need not comply with the requirements of rule 1.360. Thus, we need not disapprove the decisions in Pariser and Gordon.
It is so ordered.
GRIMES, C.J., and OVERTON, SHAW and KOGAN, JJ., and McDONALD, Senior Justice, concur.
NOTES
[1] Section 61.13(2)(b)2.a., Florida Statutes (1991), provides:

In ordering shared parental responsibility, the court may consider the expressed desires of the parents and may grant to one party the ultimate responsibility over specific aspects of the child's welfare or may divide those responsibilities between the parties based on the best interests of the child. Areas of responsibility may include primary residence, education, medical and dental care, and any other responsibilities which the court finds unique to a particular family.
[2] Section 61.13(3), Florida Statutes (1991), provides in relevant part:

(3) For purposes of shared parental responsibility and primary residence, the best interests of the child shall include an evaluation of all factors affecting the welfare and interests of the child, including, but not limited to: ...
(f) The moral fitness of the parents....
(i) The reasonable preference of the child, if the court deems the child to be of sufficient intelligence, understanding, and experience to express a preference.
(j) Any other fact considered by the court to be relevant.
[3] Section 61.20, Florida Statutes (1991), provides in relevant part:

(1) In any action where the custody of a minor child is in issue, the court may order a social investigation and study concerning all pertinent details relating to the child and each parent when such an investigation has not been done and the study therefrom provided to the court by the parties or when the court determines that the investigation and study that have been done are insufficient.
Under subsection (2), persons including "a psychologist licensed pursuant to chapter 490" may conduct a social investigation. § 61.20(2), Fla. Stat. (1991).
[4] In a case interpreting a rule similar to rule 1.360, the United States Supreme Court has held that the requirements of "in controversy" and "good cause"

are not met by mere conclusory allegations of the pleadings  nor by mere relevance to the case  but require an affirmative showing by the movant that each condition as to which the examination is sought is really and genuinely in controversy and that good cause exists for ordering each particular examination.
Schlagenhauf v. Holder, 379 U.S. 104, 118, 85 S.Ct. 234, 242-43, 13 L.Ed.2d 152 (1964).