PER CURIAM.
Appellant contests a final order of the circuit court awarding custody of her son, bom out-of-wedlock, to the child’s father. Appellant first asserts that the shared parental law provision of section 61.13(2)(b)2, Florida Statutes (1995), is inapplicable; therefore the father is required to prove appellant’s unfitness to obtain custody of the child. Next, appellant asserts that the court erred by authorizing psychological evaluations of appellant without complying with the requirements set forth in Fla.R.Civ.P. 1.360. Both of appellant’s assertions are incorrect. Couples bearing children out-of-wedlock are subject to the shared parental responsibility provisions of section 61.13(2)(b)2, Florida Statutes (1995), e.g., Collinsworth v. O’Connell, 508 So.2d 744 (Fla. 1st DCA 1987); Barnes v. Frazier, 509 So.2d 401 (Fla. 5th DCA 1987), and under section 61.20, Florida Statutes (1995), the court was permitted to order a psychological examination of appellant without complying with the requirements of Florida Rule of Civil Procedure 1.360. See Russenberger v. Russenberger, 639 So.2d 963, 965 (Fla.1994), approving Gordon v. Smith, 615 So.2d 843 (Fla. 4th DCA 1993). Given appellant’s refusal to comply with the trial court’s orders[1] in the face of allegations of child abuse, we cannot say that the trial court erred in denying appellant custody or access to her child.[2]
Affirmed.

. Instead of drawing contempt sanctions from the trial court, appellant should have lawfully contested these orders on an interlocutory basis by filing a petition for a writ of certiorari in this court.

. Of course, appellant has been and remains free to comply with the trial court's valid orders requiring the examination. At that point, she would be free to seek relief from the custody and visitation order.