989 So.2d 1240 (2008)
Patrick FLOOD, Appellant,
v.
Melissa K. STUMM, Appellee.
No. 4D08-1924.
District Court of Appeal of Florida, Fourth District.
September 10, 2008.
Ralph T. White of Schutz & White, LLP, West Palm Beach, for appellant.
Howard M. Rudolph and Heather M. Greenhill of Rudolph & Associates, LLP, West Palm Beach, for appellee.
PER CURIAM.
The father brings this petition for writ of certiorari to review an order overruling his objection to the production of medical records, as to which he claimed a psychotherapist-patient privilege, in his suit for a petition for modification of a paternity judgment. We grant the petition, concluding that the petitioner has shown irreparable injury not remediable upon appeal and a departure from the essential requirements of law.
The father seeks modification of primary residential responsibility, shared parental responsibility, and child support. In response to the father's claims, the mother outlined prior claims she had brought against the father, including allegations of domestic violence and abuse of the child. The mother then served a request to produce, which included a request for "all psychological records, notes and reports relating to the parties' minor child and/or the parties." (Emphasis added)
*1241 The father filed an objection to the mother's request to produce based on the psychotherapist-patient privilege recognized in section 90.503, Florida Statutes. The trial court found that the privilege did not protect the father's psychological records from disclosure and overruled the father's objections.
The psychotherapist-patient privilege protects confidential communications between the patient and the psychotherapist and the records of mental health treatment from disclosure to third parties. However, there is no privilege for
communications relevant to an issue of the mental or emotional condition of the patient in any proceeding in which the patient relies upon the condition as an element of his or her claim or defense....
§ 90.503(4)(c), Fla. Stat. (2007) (emphasis added).
Patently, merely seeking child custody does not make a party's mental condition an element of his or her claim or defense. E.g., Leonard v. Leonard, 673 So.2d 97 (Fla. 1st DCA 1996) (quashing order allowing husband to depose wife's treating mental health professionals in dissolution of marriage proceeding where primary residential custody of children was in dispute, where no evidence was presented that might make wife's mental health an issue).
Nothing in the record before us indicates that either party has alleged facts that would place the father's mental health at issue. The mother maintains that the trial court acted correctly, basing her arguments, for the most part, on matters that apparently were never presented to the trial court or on events that occurred after the issuance of the order on review.
The mother also notes that the father requested a psychological evaluation of the mother, based on indications that she had coached the child to make false allegations of child abuse. The mother contends that a psychological evaluation of both parties is appropriate to determine the best interests of the child.
We have considered the mother's argument that the father's privilege was waived because of her prior allegations of child sexual abuse against him. Section 39.204, Florida Statutes, provides that privileged communication between a professional and a patient do "not apply to any communication involving the perpetrator or alleged perpetrator in any situation involving known or suspected child abuse, abandonment, or neglect."
She also argues that the child's need for protection outweighs the father's interest in the confidentiality. I.T. v. State, Dep't of Health & Rehabilitative Servs., 532 So.2d 1085, 1088 (Fla. 3d DCA 1988) (holding, in dependency proceeding, that it was not error for trial court to permit discovery of parents' psychiatric histories, though the privileged communication occurred before the birth of child or child was never in parents' care). In this case, however, there is no ongoing issue of child abuse, and the earlier allegations of child abuse have been determined to be unfounded.
There is also no basis to conclude, on the record that was before the trial court, that the "totality of the circumstances" warrants making an exception to the privilege. Certainly, "calamitous events" may make a party's mental health an issue, such as in O'Neill v. O'Neill, 823 So.2d 837, 840 (Fla. 5th DCA 2002), where the former wife made threats to end her life and the lives of the parties' children, but such is not the case here.
We have considered Gordon v. Smith, 615 So.2d 843, 844 (Fla. 4th DCA 1993), in which the psychological condition of the parents and the child was held to be relevant *1242 to a child custody proceeding because of the parties' competing allegations: the mother's, that the father sexually abused the child; and the father's, that the mother concocted her allegations to obtain sole custody. However, Gordon, did not involve compelling the production of existing records otherwise protected by the psychotherapist-patient privilege.
Rather than ordering disclosure, the suggested procedure is to order a new psychiatric or psychological examination, thus balancing "the court's need to determine the parents' mental health as it relates to the best interest of the child, and the need to maintain the confidentiality between a treating psychotherapist and the patient." Schouw v. Schouw, 593 So.2d 1200, 1201 (Fla. 2d DCA 1992); see also McIntyre v. McIntyre, 404 So.2d 208, 209 (Fla. 2d DCA 1981) (finding no reason to invade wife's privilege, quashing order requiring wife's personal psychiatrist to forward her records to court-appointed psychologist, where latter had informed the court that it would be helpful for him, and in best interest of all, for him to review those records before making custody recommendation)[1].
Therefore, we grant the petition, quash the portion of the order overruling the father's objection to the production of psychological records, notes, and reports relating to the father's mental health treatment, and remand for further proceedings.
STONE, WARNER and MAY, JJ., concur.
NOTES
[1] The mother's appendix indicates that, after issuance of the order on review, the trial court entered an agreed order granting the father's motion for social investigation, which was to include a psychological evaluation of the parties. That evaluation should assist the trial court in making custody determinations, without violating anyone's section 90.503 privilege.