PER CURIAM.
Petitioner, Natalia Smith (wife), petitions this court for writ of certiorari following the trial court’s denial of her motion for a protective order. Respondent, Geoffrey Smith (husband), sought his wife’s medical records, having alleged that she waived her psychotherapist-patient statutory privilege. Following a motion calendar hearing, the trial court granted the Husband’s Motion to Waive [Wife’s] Psychotherapist privilege, allowing the Husband to obtain “any and all mental health records” from the Wife, beginning in 2006.
We find that the trial court departed from the essential requirements of law by improperly relying upon the arguments of counsel as evidence and quash the January 27, 2011 order which determined that the wife is unable to assert her statutory privilege. We grant the petition for the trial court to hold an evidentiary hearing on the matter.
“Certiorari is the proper vehicle to review discovery orders that require the production of information and records that are protected by the statutory psychotherapist-patient privilege. The entry of an order compelling the disclosure of communications protected by a legal privilege is a departure from the essential requirements of the law.” Cruz-Govin v. Torres, 29 So.3d 393, 395 (Fla. 3d DCA 2010); see *171 also Urbanek v. Urbanek, 46 So.3d 1235 (Fla. 4th DCA 2010).
The Smiths are in the middle of a dissolution proceeding. They have three minor children who are currently living with the husband. Timesharing is at issue. The husband seeks a majority of timesharing and requests that the wife have supervised visits. The wife seeks greater time with her children. The husband argues that the wife put her mental health at issue following an alleged suicide attempt in January 2010[1] — a calamitous event — and asserts that she therefore waived her statutory psychotherapist-patient privilege, under section 90.503, Florida Statutes (2011):
(2) A patient has a privilege to refuse to disclose, and to prevent any other person from disclosing, confidential communications or records made for the purpose of diagnosis or treatment of the patient’s mental or emotional condition, including alcoholism and other drug addiction, between the patient and the psychotherapist, or persons who are participating in the diagnosis or treatment under the direction of the psychotherapist. This privilege includes any diagnosis made, and advice given, by the psychotherapist in the course of that relationship.
The wife contests this allegation, arguing that a stipulation made by her attorney to “mental health issues” was not an admission and does not waive her privilege. She argues that the alleged calamitous event did not take place during the pen-dency of the proceedings and the timing of the calamitous event is dispositive. The wife further asserts that a hearing is required to determine whether the privilege was waived and to consider whether a less invasive means of obtaining information should be used.
Most of the “facts” giving rise to the trial court’s order finding waiver of the wife’s privilege were obtained through arguments made by husband’s counsel. As we have explained, we reject the use of unsworn assertions made by attorneys as evidence. Leon Shaffer Golnick Adver., Inc. v. Cedar, 423 So.2d 1015 (Fla. 4th DCA 1982).
[T]he practice we wish to see terminated is that of attorneys making unsworn statements of fact at hearings which trial courts may consider as establishing facts. It is essential that attorneys conduct themselves as officers of the court; but their unsworn statements do not establish facts in the absence of stipulation. Trial judges cannot rely upon these unsworn statements as the basis for making factual determinations; and this court cannot so consider them on review of the record. If the advocate •wishes to establish a fact, he must provide sworn testimony through witnesses other than himself or a stipulation to which his opponent agrees.
Id. at 1016-17. Here, where the wife made no express admission and no testimony was received, the trial court could not, without a hearing, adequately determine whether the wife placed her mental health at issue.
We find it unnecessary to reach the instant petition on the merits because we find, at the outset, that under the facts of this case the trial court could not properly determine whether the wife placed her mental health at issue without first holding an evidentiary hearing.
We grant certiorari for the trial court to hold an evidentiary hearing in which it will consider whether the wife placed her mental health at issue so as to abrogate her *172 statutory privilege. Should the court find that the wife’s privilege was waived, it should first review her mental health records in camera prior to releasing them in their entirety to the husband. If instead the court finds, after evidentiary hearing, that the wife did not sufficiently put her mental health at issue and did not waive her psychotherapist-patient privilege, it should then consider ordering an independent psychological evaluation.[2] We remand for further proceedings.

Petition Granted; Remanded for Further Proceedings.

GROSS, C.J., POLEN and LEVINE, JJ., concur.

. This was approximately ten months prior to the wife filing her petition for dissolution of marriage. See discussion in footnote 2 regarding the timing of the "calamitous event."

. Only in situations where calamitous events such as an attempted suicide occur during a pending custody dispute have courts found that the mental health of the parent is sufficiently at issue to warrant finding no statutory privilege exists. See Miraglia v. Miraglia, 462 So.2d 507 (Fla. 4th DCA 1984); Critchlow v. Critchlow, 347 So.2d 453 (Fla. 3d DCA 1977). Otherwise, the courts have instructed that the more appropriate method of securing the necessary information regarding the parent’s psychological state to aid in determining the best interest of the child is to require an independent psychological or psychiatric examination of the parent or parents. In this way, the trial court obtains essential information without interfering with the psychotherapist/ patient confidentiality privilege. See Leonard v. Leonard, 673 So.2d 97 (Fla. 1st DCA 1996); Schouw v. Schouw, 593 So.2d 1200 (Fla. 2d DCA 1992).
Attorney Ad Litem for D.K. v. Parents of D.K., 780 So.2d 301 (Fla. 4th DCA 2001).