DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MANUEL NICOLAS GONZALEZ,**
Appellant,

v.

**ARIANNA PARISI,**
Appellee.

No. 4D13-3718

[January 28, 2015]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Renee Goldenberg, Judge; L.T. Case No. 11014478.

Jacqueline R. Hernandez-Valdes of The Law Offices of Jacqueline R. Hernandez-Valdes, Coconut Grove, and Mark J. Labate of Mark J. Labate, P.A., Fort Lauderdale, for appellant.

Claudia Moncarz of Tosolini Lamura Rasile & Toniutti LLP, Miami Beach, for appellee.

PER CURIAM.

This case arises out of a petition to domesticate an Italian divorce decree filed by Arianna Parisi ("the former wife") pursuant to Florida's Uniform Out-of-Country Foreign Money-Judgment Recognition Act against Manuel Gonzalez ("the former husband"), a resident of Florida. The petition sought to enforce an award of child support. On appeal, the former husband argues that the trial court erred in approving and ratifying the report and recommendation of the general magistrate to domesticate the Italian divorce decree, contending that, contrary to the former wife's allegations, the Italian divorce decree does not, on its face, grant or deny an amount of child support, but rather, alludes to an agreement between the parties dated February 8, 2005. The former husband asserts that none of the documents attached to the petition to domesticate bear such a date and that the report improperly recognized an out-of-country judgment that did not grant recovery of a specific "sum of money" within the meaning of the Act. We reverse the trial court's order because there does not appear to be competent substantial evidence of the February 8, 2005 agreement between the parties given effect in the Italian divorce decree. Therefore,

we do not reach the discussion of the former husband's argument as to whether an award of child support constitutes a "sum of money" within the meaning of the Act, without a declaration therein of an amount of arrearages, or whether such a judgment would be immediately enforceable under the terms of the Act.

The Italian divorce decree that the former wife sought to domesticate stated that the parties had filed a joint petition for a declaration of the termination of the civil effects of their marriage. Notably, as the former husband argues, the Italian divorce decree does not, on its face, grant or deny an amount of child support. However, among its declarations, the Italian divorce decree declares "*the effectiveness of the agreements provided by the petition dated 02/08/2005, signed by both parties.*" (emphasis added).

The former wife attached to her petition a certified copy and a translation of the document she contends is the joint petition, signed by both parties, and referred to in the Italian divorce decree. It provides for the payment of child support by the former husband in the amount of 361.52 euros per month, such amount to be annually increased pursuant to the ISTAT index. However, there is no reference in that purported agreement that the former husband was required to pay arrearages from May 2001, as the former wife alleged. More importantly, the purported joint petition does not bear the date of February 8, 2005, which is how the Italian court identified the document it gave effect in the divorce decree. Rather, the purported joint petition bears no date whatsoever. Furthermore, review of the record reveals no document bearing the date February 8, 2005.

Despite representations by former wife's counsel that this undated joint petition was the February 8, 2005 document referenced in the Italian decree, no evidence was admitted at the hearings below to establish that this document is the *same document* given effect in the Italian decree or to clarify the lack of a date on the purported agreement. *See Smith v. Smith*, 64 So. 3d 169, 171 (Fla. 4th DCA 2011) (citation omitted) (explaining that assertions made by attorneys cannot be the basis for making factual determinations). Therefore, there does not appear to be any competent, substantial evidence to support a finding that the purported document providing for the payment of child support in the amount of 361.52 euros per month, increased annually using the ISTAT index, is the same agreement given effect in the Italian decree. We therefore, reverse the trial court's order granting the petition to domesticate and approving the report and recommendation of the general magistrate.

*Reversed.*

DAMOORGIAN, C.J., TAYLOR and CONNER, JJ., concur.

* * *

***Not final until disposition of timely filed motion for rehearing.***