DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JONATHAN SAMUEL BAILEY,**
Petitioner,

v.

**KATHY MICHELLE BAILEY,**
Respondent.

No. 4D15-609

[September 9, 2015]

Petition for Writ of Certiorari to the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Nicholas R. Lopane, Judge; L.T. Case No. 10-8092 33.

John E. Schwencke and Adam M. Zborowski of Nugent Zborowski & Bruce, North Palm Beach, for petitioner.

Michael J. Alman and Jamie D. Alman of Greenspoon Marder, P.A., Fort Lauderdale, for respondent.

PER CURIAM.

Jonathan Bailey ("Jonathan"), former husband of Kathy Bailey ("Kathy"), seeks certiorari relief from two overlapping trial court orders in a post-dissolution family law case. One order appointed a social investigator and the other, styled "omnibus order," denied Jonathan's motion to strike and/or dismiss a motion filed by Kathy. Her motion addressed time-sharing and asked that Jonathan submit to a psycho-social and substance abuse evaluation and consent to release of his mental health records to the investigator. We grant the petition in part and deny it in part.

Certiorari lies because the orders compel production of confidential records and require a compulsory examination pursuant to Florida Rule of Civil Procedure 1.360. *Smith v. Smith*, 64 So. 3d 169, 170-71 (Fla. 4th DCA 2011); *Wicky v. Oxonian*, 24 So. 3d 571, 572 (Fla. 2d DCA 2009). Certiorari review calls for a determination of whether the discovery order constituted a departure from the essential requirements of law resulting

in material injury with no adequate remedy on appeal. *Allstate Ins. Co. v. Langston*, 655 So. 2d 91, 94-95 (Fla. 1995).

We quash the provisions in the orders appointing a social investigator because Jonathan was not provided adequate prior notice. The motion to appoint social investigator was filed on the same day as the hearing, and Jonathan's counsel objected to the lack of proper notice. *See Henzel v. Golstein*, 349 So. 2d 824, 825 (Fla. 3d DCA 1977) (holding that twenty-four hours' notice of a hearing on a motion to dismiss was inadequate); Fla. R. Civ. P. 1.090(d).

Our ruling renders moot Jonathan's separate argument that the trial court erred in ordering him to execute releases and consent forms to allow the social investigator to review his mental health records. If a social investigator is appointed in the future with adequate notice, Jonathan may assert the psychotherapist-patient privilege. If contested, the trial court could then determine whether that privilege should preclude production. Jonathan did not waive the privilege by relying on his mental condition to support any claims or defenses. Nor did this case present a "calamitous event" so as to preclude assertion of the statutory privilege. *See Smith*, 64 So. 3d at 172, n.2 (citing *Miraglia v. Miraglia*, 462 So. 2d 507 (Fla. 4th DCA 1984); *Critchlow v. Critchlow*, 347 So. 2d 453 (Fla. 3d DCA 1977)).

We reject Jonathan's challenge to those portions of the trial court's orders that compelled him to submit to a psycho-social and substance abuse evaluation. "The granting or denying of an order for a psychological evaluation is a discretionary act." *Pariser v. Pariser*, 601 So. 2d 291, 292 (Fla. 4th DCA 1992). "Hence, we can overturn this discretionary ruling only upon a conclusion that no judge could reasonably have ordered such an evaluation." *Gordon v. Smith*, 615 So. 2d 843, 844 (Fla. 4th DCA 1993) (citing *Pariser*, 601 So. 2d at 292).

The record evidence, including Jonathan's involuntary hospitalization under section 394.463, Florida Statutes (2014), also called the "Baker Act," demonstrated that his mental condition was in controversy and good cause was shown to compel his evaluation. The trial court made factual findings which adequately supported those conclusions. *See Barry v. Barry*, 159 So. 3d 306, 307 (Fla. 5th DCA 2015).

Compelling these evaluations is not inconsistent with recognizing that Jonathan may assert the privilege in objecting to production of his existing mental health records. This court observed in *Flood v. Stumm*, 989 So. 2d 1240 (Fla. 4th DCA 2008), that:

2

Rather than ordering disclosure [of mental health records], the suggested procedure is to order a new psychiatric or psychological examination, thus balancing "the court's need to determine the parents' mental health as it relates to the best interest of the child, and the need to maintain the confidentiality between a treating psychotherapist and the patient."

*Id.* at 1242 (quoting *Schouw v. Schouw*, 593 So. 2d 1200, 1201 (Fla. 2d DCA 1992)).

Finally, we conclude that the portion of the trial court's order making Jonathan's time-sharing with his minor children "subject to" the recommendations of the social investigator effectively and improperly delegated the court's authority to the investigator. This portion of the order is quashed. The trial court should consider, but is not bound by, the testimony or recommendations of the investigator if one is eventually properly appointed. *Schoonmaker v. Schoonmaker*, 718 So. 2d 867, 868 (Fla. 4th DCA 1998); § 61.20(1), Fla. Stat. (2014).

*Granted in part; Denied in part.*

TAYLOR, FORST and KLINGENSMITH, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

3